

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SEAN F. CONNOLLY, State Bar #152235
   Deputy City Attorneys
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863
6  Facsimile:    (415) 554-3837
   E-Mail:       sean.connolly@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12
   MEHRDAD ALEMOZAFFAR,                  Case No. __C 07 4494
13
              Plaintiff,
14                                       NOTICE TO FEDERAL DISTRICT
   vs.                                   COURT OF REMOVAL OF ACTION
15                                       FROM STATE SUPERIOR COURT
   CITY AND COUNTY OF SAN                (Pursuant to 28 U.S.C. § 1441(b)
16 FRANCISCO, a municipal corporation;   (Federal Question))
   JESSE SERNA, individually and in his
17 official capacity as a police officer for the
   CITY AND COUNTY OF SAN
18 FRANCISCO; GARY MORIYAMA,             Date Action Filed:   July 20, 2007
   individually and in his official capacity as Trial Date:           None set
19 a police officer for the CITY AND
   COUNTY OF SAN FRANCISCO; J
20 MCGRATH, individually and in his
   official capacity as a police officer for the
21 CITY AND COUNTY OF SAN
   FRANCISCO; J. REYMUNDO,
22 individually and in his official capacity as
   a deputy sheriff officer for the CITY AND
23 COUNTY OF SAN FRANCISCO; G.
   COVIELLO, , individually and in his
24 official capacity as a deputy sheriff officer
   for the CITY AND COUNTY OF SAN
25 FRANCISCO; and DOES 1-50,
   individually and in their official
26 capacities.

27              Defendants.

28

                                    1

**TO:   CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that defendant, City and County of San Francisco, sin the above-captioned action, No. 465-354 in the files and records of the Superior Court in and for the City and County of San Francisco, hereby files in the United States District Court for the Northern District of California a Notice of Removal of said action to the United States District Court, pursuant to 28 U.S.C. §§1441 and 1446, and is filing in said Superior Court a Notice of Removal.

Defendant City and County of San Francisco, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts to the Judges of the United States District Court for the Northern District of California:

A civil action bearing the above-caption was commenced in the Superior Court of California, in and for the City and County of San Francisco, Action No. 465-354, on July 20, 2007, served on the City on August 3, 2007, and is pending therein.

The Complaint in said pending action includes allegations brought under 42 U.S.C. section 1983, that the named defendants violated the civil rights of plaintiff.

This action is one which may properly be removed to this Court pursuant to 28 U.S.C. §1441(a), for the reason that plaintiffs in the first amended complaint allege a violation of laws of the United States.

To the extent that plaintiff's complaint alleges a claim or cause of action other than violations of rights under the laws of the United States, said cause(s) of action my be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served upon defendant in this action are attached as Exhibit A.

WHEREFORE, defendants pray that the above action now pending in the Superior Court of the State of California in and for the City and County of San Francisco be removed in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. §1441, *et. seq.*

NOTICE OF REMOVAL TO FEDERAL COURT; NO. _____          n:\lit\li2007\080046\00433779.doc

Dated:  August 29, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SEAN F. CONNOLLY
Deputy City Attorney

By: _____
SEAN F. CONNOLLY

Attorneys for Defendants CITY AND COUNTY OF
SAN FRANCISCO, ET AL.

NOTICE OF REMOVAL TO FEDERAL COURT; NO. _____    n:\lit\li2007\080046\00433779.doc

# EXHIBIT A

CASE NUMBER: CGC-07-465354 MEDRDAD ALEMOZAFFAR VS. CITY AND COUNTY OF SAN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **DEC-21-2007**

**TIME:** **9:00AM**

**PLACE:** **Department 212**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation;
JESSE SERNA; GARY MORIYAMA; J. MCGRATH; J. REYMUNDO;
G. COVIELLO, individually and in their official capacities; DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MEHRDAD ALEMOZAFFAR

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is: | CASE NUMBER: CGC07- 465354
(El nombre y dirección de la corte es): | (Número del Caso):
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

GORDON PARK

DATE: JUL 2 0 2007          Clerk, by _____, Deputy
(Fecha)                     (Secretario)          (Adjunto)
                                          CRISTINA E. BAUTISTA

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq., SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:      (415) 693-9905
4  FACSIMILE: (415) 693-9904

5  Attorneys for Plaintiff
   MEHRDAD ALEMOZAFFAR
6

7

8              CALIFORNIA SUPERIOR COURT

9      FOR THE CITY AND COUNTY OF SAN FRANCISCO

10              UNLIMITED JURISDICTION

11                              Case No. CGC 07 - 465354

12  MEHRDAD ALEMOZAFFAR,            )
                                    )
13              Plaintiff,          )  COMPLAINT FOR DAMAGES, AND
                                    )  INJUNCTIVE RELIEF ARISING OUT OF
14      vs.                         )  VIOLATIONS OF CIVIL RIGHTS AND
                                    )  STATE TORT CLAIMS
15  CITY AND COUNTY OF SAN          )
    FRANCISCO, a municipal corporation;  )  [42 U.S.C §§1983; California Civil Code
16  JESSE SERNA, individually and in his  )  §52.1 and State Tort Claims]
    official capacity as a police officer for the  )
17  CITY AND COUNTY OF SAN          )  JURY TRIAL DEMANDED
    FRANCISCO; GARY MORIYAMA,       )
18  individually and in his official capacity as a  )
    police officer for the CITY AND COUNTY  )
19  OF SAN FRANCISCO; J. MCGRATH,   )
    individually and in his official capacity as a  )
20  police officer for the CITY AND COUNTY  )
    OF SAN FRANCISCO; J. REYMUNDO,  )
21  individually and in his official capacity as a  )
    deputy sheriff officer for the CITY AND  )
22  COUNTY OF SAN FRANCISCO; G.     )
    COVIELLO, individually and in his official  )
23  capacity as a deputy sheriff officer for the  )
    CITY AND COUNTY OF SAN          )
24  FRANCISCO ; and DOES 1-50,      )
    individually and in their official capacities.  )
25
                Defendants.
26

27

28

COMPLAINT FOR DAMAGES                                          1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
SANFORD M CIPINKO Esq. SBN 88102
LAW OFFICES OF SANFORD M CIPINKO
55 Francisco Street, Suite 403
San Francisco, CA 94133
TELEPHONE NO: (415)693-9905    FAX NO: (415)693-9904
ATTORNEY FOR (Name): Plaintiff Mehrdad Alemozaffar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco 94102
BRANCH NAME: Civil Unlimited Jurisdiction

**FOR COURT USE ONLY**

**FILED**
San Francisco County Superior Court

JUL 2 0 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE NAME:
MEHRDAD v. CITY AND COUNTY OF SAN FRANCISCO et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-07-‾465354 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: July 18, 2007
SANFORD M CIPINKO
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq., SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:     (415) 693-9905
4  FACSIMILE: (415) 693-9904

5  Attorneys for Plaintiff
   MEHRDAD ALEMOZAFFAR
6

**FILED**
San Francisco County Superior Court

JUL 20 2007

**GORDON PARK-LI, Clerk**
BY
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 21 2007 - 9:00 AM     SUMMONS ISSUED

7

8                    DEPARTMENT 212
                CALIFORNIA SUPERIOR COURT
9
         FOR THE CITY AND COUNTY OF SAN FRANCISCO
10
                  UNLIMITED JURISDICTION
11

12  MEHRDAD ALEMOZAFFAR,                    )  Case No. CGC 07 - 465354
13                                          )
              Plaintiff,                    )
14                                          )  **COMPLAINT FOR DAMAGES, AND**
         vs.                                )  **INJUNCTIVE RELIEF ARISING OUT OF**
15                                          )  **VIOLATIONS OF CIVIL RIGHTS AND**
    CITY AND COUNTY OF SAN                  )  **STATE TORT CLAIMS**
16  FRANCISCO, a municipal corporation;     )
    JESSE SERNA, individually and in his    )  [42 U.S.C §§1983; California Civil Code
17  official capacity as a police officer for the )  §52.1 and State Tort Claims]
    CITY AND COUNTY OF SAN                  )
18  FRANCISCO; GARY MORIYAMA,               )  __JURY TRIAL DEMANDED__
    individually and in his official capacity as a )
19  police officer for the CITY AND COUNTY  )  BY FAX
    OF SAN FRANCISCO; J. MCGRATH,           )
20  individually and in his official capacity as a )
    police officer for the CITY AND COUNTY  )
21  OF SAN FRANCISCO; J. REYMUNDO,          )
    individually and in his official capacity as a )
22  deputy sheriff officer for the CITY AND  )
    COUNTY OF SAN FRANCISCO; G.             )
23  COVIELLO, individually and in his official )
    capacity as a deputy sheriff officer for the )
24  CITY AND COUNTY OF SAN                  )
    FRANCISCO ; and DOES 1-50,              )
25  individually and in their official capacities. )
26                                          )
27            Defendants.                   )
28

---

COMPLAINT FOR DAMAGES                                              1

## INTRODUCTION

On December 17, 2006, members of the San Francisco Police and Sheriff's Departments tackled UCLA medical student Mehrdad Alemozaffar and violently assaulted him by pinning him face down against the street, smashing his head multiple times against the asphalt, tying his arms behind his back in nylon restraints and then repeatedly jolting him with a Taser stun gun more than ten times resulting in scarring, burning and other personal injuries. Using a Taser on an individual in restraints and using a Taser gun on an individual more than twice are violations of both Taser and San Francisco departmental rules.

Before the attack, Officer Jesse Serna called Mr. Alemozaffar a "girl." Any witness to the above events would be surprised to learn that the above events transpired only from Mr. Alemozaffar's expressed intention to report Mr. Serna's insulting comments to Officer Serna's superiors.

## JURISDICTION

1. This action alleges violations of the rights of MEHRDAD ALEMOZAFFAR. This action arises under 42 U.S.C. §§1983, 1988 and California state law. Jurisdiction is conferred upon this Court by the general subject matter jurisdiction of California Superior Courts and the concurrent jurisdiction conferred upon this Court by 42 U.S.C. §1983.

2. The total amount of damages sought exceeds $25,000.00.

## PARTIES

3. Plaintiff MEHRDAD ALEMOZAFFAR (hereinafter "ALEMOZAFFAR") is and at all times herein mentioned a competent adult and a resident of Los Angeles, California.

4. Defendants CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is and at all times herein mentioned a municipality duly organized and existing under the laws of the State of California. CCSF operates the SAN FRANCISCO POLICE DEPARTMENT (hereinafter "SFPD") and the SAN FRANCISCO SHERIFF'S DEPARTMENT (hereinafter "SFSD").

COMPLAINT FOR DAMAGES                                                2

5. At all times mentioned herein, JESSE SERNA (hereinafter "OFFICER SERNA"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

6. At all times mentioned herein, J. REYMUNDO (hereinafter "DEPUTY REYMUNDO"), was a deputy officer for the SAN FRANCISCO SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

7. At all times mentioned herein, GARY MORIYAMA (hereinafter "OFFICER MORIYAMA"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

8. At all times mentioned herein, J. MCGRATH (hereinafter "OFFICER MCGRATH"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

9. At all times mentioned herein, G. COVIELLO (hereinafter "DEPUTY COVIELLO"), was a deputy officer for the SAN FRANCISCO SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50 and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, breach of duty, negligent supervision, management or control and, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

COMPLAINT FOR DAMAGES

3

1    11. In doing the acts alleged herein, Defendants, and each of them acted within the

2    course and scope of their employment for the CITY AND COUNTY OF SAN

3    FRANCISCO.

4    12. In doing the acts and/or omissions alleged herein, Defendants, and each of them,

5    acted as the agent, servant, and employee and/or in concert with each of said other

6    Defendants herein.

7                              ## STATEMENT OF FACTS

8    13. During the month of December 2006, ALEMOZAFFAR was finishing up his

9    medical degree at University of California Los Angeles and had been accepted into the

10   residency program at Harvard Medical School for the following semester.

11   14. On the weekend of December 17, 2006, ALEMOZAFFAR was visiting friends in

12   the Bay Area. At approximately 2:00 a.m. on that date, ALEMOZAFFAR was standing

13   outside a pizza restaurant on Broadway Street in San Francisco. He was waiting for a

14   friend who was purchasing food inside for herself and him. ALEMOZAFFAR did not

15   have a car and planned on getting a ride home from this friend.

16   15. OFFICER SERNA and two other officers were walking up Broadway and saw

17   ALEMOZAFFAR and other pedestrians peacefully waiting outside the pizza restaurant.

18   OFFICER SERNA advised ALEMOZAFFAR and the others that they were clearing the

19   street and that everyone needed to walk to the end of the block. ALEMOZAFFAR

20   immediately complied and began walking to the end of the block with the officers

21   following him. During the 200 foot walk to the end of the block, ALEMOZAFFAR looked

22   behind him hoping to see his friend exit the pizza restaurant. The officers responded to

23   this glance by pushing ALEMOZAFFAR in the back as he continued to walk to the end

24   of the block.

25   16. At the corner of Broadway Street and Montgomery Street, ALEMOZAFFAR,

26   OFFICER SERNA, two other officers, and other pedestrians stood at the corner next to

27   a police barricade. ALEMOZAFFAR and other pedestrians stood on an unrestricted

28   portion of sidewalk on the side of the barricade opposite from the officers. OFFICER

COMPLAINT FOR DAMAGES                                                              4

1  SERNA announced that everyone needed to go home. ALEMOZAFFAR responded

2  that he was just waiting for his friend to exit the pizza restaurant and that if he left he

3  would not have a ride home as he did not have her phone number.

4      17. OFFICER SERNA told ALEMOZAFFAR to "stop acting like such a girl."

5  ALEMOZAFFAR asked OFFICER SERNA why he was being insulted and OFFICER

6  SERNA replied with a chuckle, "I'm calling you a girl because you're acting like one."

7  ALEMOZAFFAR looked at OFFICER SERNA's badge to identify his name and badge

8  number. He then informed OFFICER SERNA that he intended on reporting his insulting

9  comments to his superiors.

10      18. Immediately after advising OFFICER SERNA that he intended on filing a

11  complaint, ALEMOZAFFAR turned his back to OFFICER SERNA and began walking

12  away from the area. After ALEMOZAFFAR had already turned around, OFFICER

13  SERNA struck ALEMOZAFFAR to take him to the ground. ALEMOZAFFAR fell face

14  down against the asphalt.

15      19. OFFICER SERNA'S tackling of ALEMOZAFFAR initiated a group assault of

16  ALEMOZAFFAR by several officers, including OFFICER SERNA, OFFICER

17  MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and

18  DOES 1 to 50. These officers placed a knee into ALEMOZAFFAR's back, got on top of

19  him, and grabbed and repeatedly lifted and smashed the back of his head into the

20  ground resulting in severe contusions and scarring to the left side of his face. His hands

21  were restrained behind his back with nylon handcuffs. **After** ALEMOZAFFAR was

22  handcuffed, lying on his stomach, we are informed and believe that DEPUTY

23  REYMUNDO electrically shocked him more than ten times with a hand-held Taser

24  weapon on the back of ALEMOZAFFAR's right thigh, right back, right flank, and left

25  wrist which was crossed under ALEMOZAFFAR's right arm, behind his back in nylon

26  restraints. The Taser left burns and scarring on ALEMOZAFFAR's body.

27      20. After the officers stopped beating and electrocuting ALEMOZAFFAR,

28  ALEMOZAFFAR remained lying face down on the asphalt. He pleaded for the officers

COMPLAINT FOR DAMAGES        5

1   not to hurt his recently operated-on shoulder as he was lifted and dragged across the

2   street. ALEMOZAFFAR asked why he was being arrested and beaten. He explained

3   that he was a medical student and worked with the police regularly in the Emergency

4   Room and hospitals. OFFICER SERNA replied, "Well, this is the end of your career."

5       21. After being treated by Emergency Medical Technicians, an officer approached

6   ALEMOZAFFAR to unclip his handcuffs. He questioned ALEMOZAFFAR about how

7   the Taser felt since he had never used one and wanted to learn. ALEMOZAFFAR

8   explained that "it is completely debilitating, painful, and makes you feel like you're going

9   to die." The officer replied that it does not seem like anyone could fight back after being

10  Taser-ed.

11      22. Following the incident, OFFICER SERNA and DEPUTY REYMUNDO filed false

12  reports and a citation alleging ALEMOZAFFAR resisted, delayed or obstructed peace

13  officer duties. At no time did ALEMOZAFFAR resist arrest or assault any police officer.

14  At no time did ALEMOZAFFAR have a weapon or pose a threat to any peace officers.

15  At no time did ALEMOZAFFAR give any officer probable cause to believe that he

16  committed a crime. Throughout the above events, ALEMOZAFFAR was tearfully

17  crying, telling the officers that he was not resisting and was, in fact, passively receiving

18  the peace officers' use of force.

19      23. Third party witnesses filed reports with CCSF shortly after the incident. Despite

20  this notice, CCSF refused to investigate the third party reports and adopted and ratified

21  the false reports filed by their employees. CCSF also denied receipt of any third party

22  reports to cover up evidence of their employees' conduct and false reports. CCSF

23  further ratified their employees' conduct by finding no liability for the conduct of their

24  employees.

25      24. Defendants CCSF and Does 1 to 50, by and through their supervisory officials

26  and employees, have been given notice on repeated occasions of a pattern of ongoing

27  constitutional violations and practices by Defendant peace officers herein and other

28  SFPD peace officers, constituting the use of unnecessary and excessive force against

COMPLAINT FOR DAMAGES

6

1  citizens and false arrests of citizens. Specifically, the North Beach division of the SFPD

2  has a pattern of ongoing constitutional violations that have received notoriety in news

3  media. Ongoing accounts of excessive use of force by North Beach police officers such

4  as OFFICER SERNA and deputy sheriffs such as DEPUTY REYMUNDO have drawn

5  public attention to these ongoing practices. Despite said notice, CCSF and DOES 1 to

6  50 have demonstrated deliberate indifference to this pattern and practices of their

7  officers' constitutional violations by failing to take necessary, appropriate, or adequate

8  measures to prevent the continued perpetuation of said pattern of conduct by SFPD

9  police officers and SFSD deputy officers, and especially within the North Beach district

10  of San Francisco. This lack of adequate supervisory response by CCSF and Does 1 to

11  50 demonstrates ratification of the unconstitutional acts of OFFICER SERNA, OFFICER

12  MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and

13  DOES 1 to 50, as well as the existence of an informal custom or policy that tolerates

14  and promotes the continued use of excessive force against and violation of civil rights of

15  citizens by SFPD police officers and SFSD deputy officers including violations of the

16  First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution as

17  well as Civil Rights within the California Constitution as reflected in statutory causes of

18  action such as California Civil Code §52.1.

19      25. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

20  DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

21  direct and proximate result of the deliberate indifference and policy and/or practice of

22  Defendants CCSF, and DOES 1 to 50, and their supervisory officials and employees to

23  violations of the constitutional rights of citizens by Defendant police officers herein, and

24  other members of the SFPD and SFSD. The Plaintiff's injuries were foreseeable and a

25  proximate result of the deliberate indifference of CCSF and DOES 1 to 50 to the pattern,

26  practices, customs, and policies described above.

27      26. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

28  DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

COMPLAINT FOR DAMAGES                                                    7

1   direct and proximate result of CCSF's negligent and or failure to train and/or supervise

2   its employees and agents.

3       27. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

4   DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

5   direct and proximate result of CCSF's negligent and or failure to train and/or supervise

6   its employees and agents on the use of Taser or similar electrical shock weapons.

7       28. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

8   DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

9   direct and proximate result of CCSF's negligent and or failure to train and/or supervise

10  its employees and agents on the use of force.

11      29. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

12  DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

13  direct and proximate result of CCSF's implementation of a policy of inadequate training.

14      30. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

15  DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

16  direct and proximate result of CCSF's negligent supervision and/or discipline of its

17  employees and agents who have committed negligent and intentional constitutional

18  violations in the past.

19      31. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,

20  DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

21  direct and proximate result of CCSF's negligent retention of employees and agents who

22  have committed negligent and intentional constitutional violations in the past.

23      32. Prior to filing this complaint, ALEMOZAFFAR filed a government claim with

24  CCSF based upon the allegations in this complaint.  CCSF denied the claim by written

25  letter on July 10, 2007.

26                            **DAMAGES**

27      33. As a proximate result of Defendants' conduct, plaintiff suffered personal injuries,

28  scarring and pain and suffering that continue to the present.

COMPLAINT FOR DAMAGES

8

34. As a proximate result of Defendants' conduct, plaintiff has suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

35. As a proximate result of Defendants' conduct, plaintiff has incurred and will continue to incur medical expenses for treatment.

36. The conduct of Defendants and each of them was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against those defendants.

37. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this complaint.

39. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right to free speech, as guaranteed by the First Amendment to the United States Constitution.

40. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

///

///

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

43. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this complaint.

45. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to substantive due process protections of the Fourteenth Amendment to the United States Constitution.

46. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

10

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint.

48. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to: The right not to be deprived of life or liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and The right to be free from pre-conviction punishment, seizure and force as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitutions.

49. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acting in the course and scope of their employment for CCSF, violated California Civil Code

11

COMPLAINT FOR DAMAGES

1    section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil

2    rights, through use of wrongful and excessive force, and failure to make any proper or

3    reasonable detention of said Plaintiff.

4        52. As a direct and proximate result of Defendants' violation of Civil Code section

5    52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set

6    forth herein.

7        53. Defendant CCSF is liable to plaintiff for the violations of his civil rights by

8    OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY

9    COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred

10   in the course and scope of their employment with CCSF.

11       54. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's

12   fees pursuant to Civil Code section 52.1(h).

13       55. In doing the foregoing wrongful acts, Defendants, and each of them, acted in

14   reckless and callous disregard for the constitutional rights of Plaintiff.  The wrongful

15   acts, and each of them, were willful, oppressive, fraudulent and malicious.

16       WHEREFORE, Plaintiff prays for relief as set forth herein.

17                          <u>SIXTH CAUSE OF ACTION</u>

18                          (BATTERY BY PEACE OFFICER)

19           (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

20       56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 of this

21   complaint.

22       57. In doing the acts alleged herein, OFFICER SERNA, OFFICER MCGRATH,

23   OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to

24   50 intentionally touched plaintiff ALEMOZAFFAR and used unreasonable force to arrest

25   him.

26       58. ALEMOZAFFAR did not consent to OFFICER SERNA and DEPUTY

27   REYMUNDO's use of force.

28       59. ALEMOZAFFAR was harmed.

                                                                         12

COMPLAINT FOR DAMAGES

1    60. OFFICER SERNA and DEPUTY REYMUNDO's use of unreasonable force was a

2  substantial factor in causing ALEMOZAFFAR's harm.

3    61. OFFICER SERNA and DEPUTY REYMUNDO's conduct was neither privileged

4  nor justified under statute or common law.

5    62. Defendant CCSF is liable to plaintiff for the violations of his civil rights by

6  OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY

7  COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred

8  in the course and scope of their employment with CCSF.

9    63. In doing the foregoing wrongful acts, Defendants, and each of them, acted in

10  reckless and callous disregard for the constitutional rights and safety of Plaintiff. The

11  wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

12    WHEREFORE, Plaintiff prays for relief as set forth herein.

13  

**SEVENTH CAUSE OF ACTION**

14  

(ASSAULT)

15  

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

16    64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 of this

17  complaint.

18    65. OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY

19  COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 intentionally did an act that

20  made ALEMOZAFFAR reasonably believe that he was about to be touched in a harmful

21  or offensive manner.

22    66. ALEMOZAFFAR did not consent to the conduct of OFFICER SERNA, OFFICER

23  MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and

24  DOES 1 to 50.

25    67. ALEMOZAFFAR was harmed.

26    68. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER

27  MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was a

28  substantial factor in causing ALEMOZAFFAR's harm.

13

69. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

70. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70 of this complaint.

72. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was outrageous.

73. OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 intended to cause ALEMOZAFFAR emotional distress or acted with reckless disregard of the probability that ALEMOZAFFAR would suffer emotional distress.

74. ALEMOZAFFAR suffered severe emotional distress.

75. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was a substantial factor in causing ALEMOZAFFAR's severe emotional distress.

76. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

14

COMPLAINT FOR DAMAGES

77. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77 of this complaint.

79. The wrongful conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 constitutes negligence done with conscious disregard for the rights of plaintiff and did not comply with the standard of care to be exercised by reasonable persons.

80. As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

81. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

82. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///
///
///
///

15

COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

### (NEGLIGENCE)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82 of this complaint.

84. At all times herein mentioned, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.

85. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

86. Defendant CCSF is liable to plaintiff for the damages caused by the negligence of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

87. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in a sum according to proof at trial;

COMPLAINT FOR DAMAGES

16

2.  Special damages in a sum according to proof at trial;

3.  Punitive damages against individual defendants;

4.  For injunctive relief enjoining Defendant CCSF from allowing, or ratifying the practice by any police officer employee of Defendant CCSF from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5.  Statutory damages, and reasonable attorney's fees pursuant to California Civil Code section 52.1.

6.  Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;

7.  Costs of suit incurred herein;

8.  Such other and further relief as the Court may deem just and proper.

Dated: July 18, 2007                    LAW OFFICES OF SANFORD M. CIPINKO

                                        By
                                            SANFORD M. CIPINKO
                                            Attorney for Plaintiff MEHRDAD
                                            ALEMOZAFFAR

COMPLAINT FOR DAMAGES

17

1 DENNIS J. HERRERA, State Bar #139669
  City Attorney
2 JOANNE HOEPER, State Bar #114961
  Chief Trial Deputy
3 SEAN F. CONNOLLY, State Bar #152235
  Deputy City Attorneys
4 Fox Plaza
  1390 Market Street, 6th Floor
5 San Francisco, California 94102-5408
  Telephone:    (415) 554-3863
6 Facsimile:    (415) 554-3837
  E-Mail:    sean.connolly@sfgov.org

7

8 Attorneys for Defendant
  CITY AND COUNTY OF SAN FRANCISCO
9



10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13 MEHRDAD ALEMOZAFFAR,                    Case No. 465-354

14            Plaintiff,

15       vs.

16 CITY AND COUNTY OF SAN               DEFENDANT CITY AND COUNTY OF
   FRANCISCO, a municipal corporation;  SAN FRANCISCO'S ANSWER TO
17 JESSE SERNA, individually and in his  COMPLAINT
   official capacity as a police officer for the
18 CITY AND COUNTY OF SAN
   FRANCISCO; GARY MORIYAMA,
19 individually and in his official capacity as
   a police officer for the CITY AND
20 COUNTY OF SAN FRANCISCO; J
   MCGRATH, individually and in his
21 official capacity as a police officer for the
   CITY AND COUNTY OF SAN
22 FRANCISCO; J. REYMUNDO,
   individually and in his official capacity as
23 a deputy sheriff officer for the CITY AND
   COUNTY OF SAN FRANCISCO; G.
24 COVIELLO, , individually and in his
   official capacity as a deputy sheriff officer
25 for the CITY AND COUNTY OF SAN
   FRANCISCO; and DOES 1-50,
26 individually and in their official
   capacities.
27
             Defendants.
28

                                  1

Answer [State Court] CASE NO. 465-354                n:\lit\li2007\080046\00433633.doc

Defendant City and County of San Francisco (the "City" or "defendant"), a municipal corporation, responds to plaintiffs' unverified complaint as follows:

Pursuant to section 431.30 of the California Code of Civil Procedure, the defendants deny each and every allegation in the complaint.

## SEPARATE AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendants.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendant alleges that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

2

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Defendants' Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

## SEVENTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

3

## TENTH AFFIRMATIVE DEFENSE

### (Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6, 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

4

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

To the extent plaintiff's failure to file a claim barrs this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

//

Answer [State Court] CASE NO. 465-354                        n:\lit\li2007\080046\00433633.doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Immunity: Exemplary Damages)

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiff's Complaint herein, plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct

6

proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

### (Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

Defendant alleges that if in fact any force was used by Defendant against the plaintiff/decedent herein said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justified Use of Force)

The complaint and each cause of action therein is barred because the use of force against the plaintiff/decedent by and the employees of the City, if any, was privileged and justified.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Comparitive Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff/decedent was negligent in and about the matters and activities alleged in the complaint; that plaintiff/decedent's negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against

7

1   San Francisco by virtue of the complaint, San Francisco prays that the recovery be diminished or

2   extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault

3   attributable to the plaintiff/decedent.

4

5                       **TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

6                                      (Arrest)

7          Defendant alleges that if in fact any force was used to effect the arrest of the

    plaintiff/decedent herein by the named defendants, such force was authorized and privileged

8   pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof,

9   plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

10

11                      **TWENTY-NINTH AFFIRMATIVE DEFENSE**

12                                 (Resisting Arrest)

13         Defendant alleges that plaintiff/decedent herein was under a duty pursuant to Section 834a

14  of the California Penal Code to refrain from using force or a weapon to resist his arrest; that

15  decedent breached his duty even though he knew or by the exercise of reasonable care should have

16  known that he was being arrested by a peace officer; that as a direct and proximate result of

17  decedent's breach of this duty he is barred from recovery for any loss or damage he may have

18  incurred, if any there be.

19                       **THIRTIETH AFFIRMATIVE DEFENSE**

20                      (Plaintiff/Decedent Assaulted Police)

21         Defendant alleges that at all times mentioned in plaintiff's Complaint herein,

22  plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on

23  the persons of the arresting officers; that it became and was necessary to use force on the person of

24  the decedent to defend said arresting officers from said violent assault on their persons; that the

25  injuries, if any, and damages, if any, incurred by decedent were proximately caused by the

26  necessary use of said reasonable force on the person of decedent and not otherwise; and that by

27  reason of decedent instituting said vicious and violent assault on the persons of said arresting

28  officers, plaintiff's failure and refusal to desist from continuing said assault, and the consequent

                                            8

1  necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's

2  claim, if any, is barred by law.

3  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

4  (Prevent Injury/Escape)

5  Defendant alleges that no more force was used on plaintiff/decedent's person than was

6  necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, and

7  prevent injury to the officers and the public and to facilitate and safeguard a valid police

8  investigation.

9

10  ### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Qualified Immunity)

11

12  Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified

13  immunity.

14

15  ### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Immunity for Failure to Provide Medical Care to a Prisoner)

16

17  Defendant alleges that, under Government Code section 845.6, San Francisco is immune

18  from liability for any inadequate medical care plaintiff may have received while in custody.

19

20  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Immunity from Injury Caused by Person Resisting Arrest)

21

22  Defendant alleges that, pursuant to Government Code section 845.8, San Francisco is

23  immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

24

25  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Immunity:  Exemplary Damages)

26  Defendant alleges that San Francisco, a public entity, is immune from liability for exemplary

27  damages herein pursuant to Section 818 of the California Government Code.

28

Answer [State Court] CASE NO. 465-354                    n:\lit\li2007\080046\00433633.doc

1

2

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that the plaintiff has failed to allege facts in the Complaint sufficient to
state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and
particularly its police officers.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San
Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
(Mutual Combat)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the
mutual combat activity in which he engaged and set forth in the complaint herein; that
plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time
and place mentioned in said complaint, and that the loss or damage, if any, sustained by
plaintiff/decedent was caused by said risks, which were accepted and voluntarily assumed by he
when she engaged in said activity.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
(Self Defense)

Defendant alleges by way of a plea of self defense that defendant employee honestly and
reasonably believed that plaintiff/decedent was about to inflict harm upon them and that the use of
force, if any, was done reasonably and in self-defense.

//

10

1

## FORTIETH AFFIRMATIVE DEFENSE
(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence as they have breached no duty of care owed to plaintiff.

## FORTIFIRST AFFIRMATIVE DEFENSE
(Sovereign Immunity)

Defendants, to the extent they are state actors, further allege that they are not liable for any cause of action based in negligence as they are entitled to sovereign immunity.

WHEREFORE, defendants prays for judgment as follows:

1.    That plaintiffs take nothing from defendants;

2.    That the complaint be dismissed with prejudice;

3.    That defendants recover costs of suit herein, including attorneys' fees;

4.    for their right to trial by jury, and

For such other relief as is just and proper.

Dated: August 28, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SEAN F. CONNOLLY
Deputy City Attorney

By: _____
SEAN F. CONNOLLY

Attorneys for Defendant CITY AND COUNTY OF
SAN FRANCISCO

n:\lit\li2007\080046\00433633.doc

1

## PROOF OF SERVICE

2          I, Pamela Cheeseborough, declare as follows:

3          I am a citizen of the United States, over the age of eighteen years and not a party to the
above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
4    Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

5          On August 29, 2007, I served the following document(s):

6    **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT**

7    on the following persons at the locations specified:

8    Sanford M. Cipinko, Esq.
     Jeremy Cloyd, Esq.
     Law Offices of Sanford M. Cipinko
9    55 Francisco Street, Suite 403
     San Francisco, CA  94133
10   Telephone:  (415) 693-9905
     Facsimile:  (415) 693-9904
11   (Counsel for Plaintiff MEHRDAD
     ALEMOZAFFAR)

12

     in the manner indicated below:

13
     ⊠        **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies
14            of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
              with the United States Postal Service. I am readily familiar with the practices of the San Francisco City
15            Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s)
              that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
16            same day.

17   ☐        **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed
              envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional
18            messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will
              be filed separately with the court.**

19
     ☐        **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed
20            envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am
              readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.
21            In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a
              courier the same day.

22
           I declare under penalty of perjury pursuant to the laws of the State of California that the
23   foregoing is true and correct.

24         Executed August 29, 2007, at San Francisco, California.

25                                                    _____
                                                           Pamela Cheeseborough
26

27

28

                                             12