```
 1  SANFORD M. CIPINKO, Esq., SBN 88102
    JEREMY CLOYD, Esq., SBN 239991
 2  LAW OFFICES OF SANFORD M. CIPINKO
    55 FRANCISCO STREET, SUITE 403
 3  SAN FRANCISCO, CA 94133
    VOICE:     (415) 693-9905
 4  FACSIMILE: (415) 693-9904

 5  Attorneys for Plaintiff
    MEHRDAD ALEMOZAFFAR
 6

 7
                    CALIFORNIA SUPERIOR COURT
 8
           FOR THE CITY AND COUNTY OF SAN FRANCISCO
 9
                       UNLIMITED JURISDICTION
10
                                   )  Case No. CGC07-465354
11                                 )
    MEHRDAD ALEMOZAFFAR,            )
12                                 )  COMPLAINT FOR DAMAGES, AND
               Plaintiff,          )  INJUNCTIVE RELIEF ARISING OUT OF
13                                 )  VIOLATIONS OF CIVIL RIGHTS AND
        vs.                        )  STATE TORT CLAIMS
14                                 )
    CITY AND COUNTY OF SAN         )  [42 U.S.C §§1983; California Civil Code
15  FRANCISCO, a municipal corporation; )  §52.1 and State Tort Claims]
    JESSE SERNA, individually and in his )
16  official capacity as a police officer for the )  JURY TRIAL DEMANDED
    CITY AND COUNTY OF SAN         )
17  FRANCISCO; GARY MORIYAMA,      )          BY FAX
    individually and in his official capacity as a )
18  police officer for the CITY AND COUNTY )
    OF SAN FRANCISCO; J. MCGRATH,  )
19  individually and in his official capacity as a )
    police officer for the CITY AND COUNTY )
20  OF SAN FRANCISCO; J. REYMUNDO, )
    individually and in his official capacity as a )
21  deputy sheriff officer for the CITY AND )
    COUNTY OF SAN FRANCISCO; G.    )
22  COVIELLO, individually and in his official )
    capacity as a deputy sheriff officer for the )
23  CITY AND COUNTY OF SAN         )
    FRANCISCO ; and DOES 1-50,     )
24  individually and in their official capacities. )
                                   )
25             Defendants.         )
26
27
28
                                                                        1
    COMPLAINT FOR DAMAGES
```

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
SANFORD M CIPINKO Esq. SBN 88102
LAW OFFICES OF SANFORD M CIPINKO
55 Francisco Street, Suite 403
San Francisco, CA 94133
TELEPHONE NO: (415)693-9905  FAX NO: (415)693-9904
ATTORNEY FOR (Name): Plaintiff Mehrdad Alemozaffar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil Unlimited Jurisdiction

**FOR COURT USE ONLY**

FILED
San Francisco County Superior Court
JUL 20 2007
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE NAME: MEHRDAD v. CITY AND COUNTY OF SAN FRANCISCO et al

CASE NUMBER: CGC-07-465354

**CIVIL CASE COVER SHEET**
[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter  [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 18, 2007
SANFORD M CIPINKO
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

```
1   SANFORD M. CIPINKO, Esq., SBN 88102
    JEREMY CLOYD, Esq., SBN 239991
2   LAW OFFICES OF SANFORD M. CIPINKO
    55 FRANCISCO STREET, SUITE 403
3   SAN FRANCISCO, CA 94133
    VOICE:     (415) 693-9905
4   FACSIMILE: (415) 693-9904

5   Attorneys for Plaintiff
    MEHRDAD ALEMOZAFFAR
6
```

FILED
San Francisco County Superior Court
JUL 2 0 2007
GORDON PARK-LI, Clerk
BY _____
            Deputy Clerk

CASE MANAGEMENT CONFERENCE SET
DEC 2 1 2007 - 9:00 AM    SUMMONS ISSUED

DEPARTMENT 212
CALIFORNIA SUPERIOR COURT
FOR THE CITY AND COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| MEHRDAD ALEMOZAFFAR,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JESSE SERNA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. MCGRATH, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. REYMUNDO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO; G. COVIELLO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO ; and DOES 1-50, individually and in their official capacities.<br><br>Defendants. | Case No. CGC 07-465354<br><br>COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF ARISING OUT OF VIOLATIONS OF CIVIL RIGHTS AND STATE TORT CLAIMS<br><br>[42 U.S.C §§1983; California Civil Code §52.1 and State Tort Claims]<br><br>JURY TRIAL DEMANDED<br><br>BY FAX |

COMPLAINT FOR DAMAGES                                                                                     1

## INTRODUCTION

On December 17, 2006, members of the San Francisco Police and Sheriff's Departments tackled UCLA medical student Mehrdad Alemozaffar and violently assaulted him by pinning him face down against the street, smashing his head multiple times against the asphalt, tying his arms behind his back in nylon restraints and then repeatedly jolting him with a Taser stun gun more than ten times resulting in scarring, burning and other personal injuries. Using a Taser on an individual in restraints and using a Taser gun on an individual more than twice are violations of both Taser and San Francisco departmental rules.

Before the attack, Officer Jesse Serna called Mr. Alemozaffar a "girl." Any witness to the above events would be surprised to learn that the above events transpired only from Mr. Alemozaffar's expressed intention to report Mr. Serna's insulting comments to Officer Serna's superiors.

## JURISDICTION

1. This action alleges violations of the rights of MEHRDAD ALEMOZAFFAR. This action arises under 42 U.S.C. §§1983, 1988 and California state law. Jurisdiction is conferred upon this Court by the general subject matter jurisdiction of California Superior Courts and the concurrent jurisdiction conferred upon this Court by 42 U.S.C. §1983.

2. The total amount of damages sought exceeds $25,000.00.

## PARTIES

3. Plaintiff MEHRDAD ALEMOZAFFAR (hereinafter "ALEMOZAFFAR") is and at all times herein mentioned a competent adult and a resident of Los Angeles, California.

4. Defendants CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is and at all times herein mentioned a municipality duly organized and existing under the laws of the State of California. CCSF operates the SAN FRANCISCO POLICE DEPARTMENT (hereinafter "SFPD") and the SAN FRANCISCO SHERIFF'S DEPARTMENT (hereinafter "SFSD").

COMPLAINT FOR DAMAGES

2

5. At all times mentioned herein, JESSE SERNA (hereinafter "OFFICER SERNA"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

6. At all times mentioned herein, J. REYMUNDO (hereinafter "DEPUTY REYMUNDO"), was a deputy officer for the SAN FRANCISCO SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

7. At all times mentioned herein, GARY MORIYAMA (hereinafter "OFFICER MORIYAMA"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

8. At all times mentioned herein, J. MCGRATH (hereinafter "OFFICER MCGRATH"), was a police officer for the SAN FRANCISCO POLICE DEPARTMENT and is sued individually and in his official capacity.

9. At all times mentioned herein, G. COVIELLO (hereinafter "DEPUTY COVIELLO"), was a deputy officer for the SAN FRANCISCO SHERIFF'S DEPARTMENT and is sued individually and in his official capacity.

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50 and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, breach of duty, negligent supervision, management or control and, violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

COMPLAINT FOR DAMAGES

3

11. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

13. During the month of December 2006, ALEMOZAFFAR was finishing up his medical degree at University of California Los Angeles and had been accepted into the residency program at Harvard Medical School for the following semester.

14. On the weekend of December 17, 2006, ALEMOZAFFAR was visiting friends in the Bay Area. At approximately 2:00 a.m. on that date, ALEMOZAFFAR was standing outside a pizza restaurant on Broadway Street in San Francisco. He was waiting for a friend who was purchasing food inside for herself and him. ALEMOZAFFAR did not have a car and planned on getting a ride home from this friend.

15. OFFICER SERNA and two other officers were walking up Broadway and saw ALEMOZAFFAR and other pedestrians peacefully waiting outside the pizza restaurant. OFFICER SERNA advised ALEMOZAFFAR and the others that they were clearing the street and that everyone needed to walk to the end of the block. ALEMOZAFFAR immediately complied and began walking to the end of the block with the officers following him. During the 200 foot walk to the end of the block, ALEMOZAFFAR looked behind him hoping to see his friend exit the pizza restaurant. The officers responded to this glance by pushing ALEMOZAFFAR in the back as he continued to walk to the end of the block.

16. At the corner of Broadway Street and Montgomery Street, ALEMOZAFFAR, OFFICER SERNA, two other officers, and other pedestrians stood at the corner next to a police barricade. ALEMOZAFFAR and other pedestrians stood on an unrestricted portion of sidewalk on the side of the barricade opposite from the officers. OFFICER

COMPLAINT FOR DAMAGES

4

1  SERNA announced that everyone needed to go home. ALEMOZAFFAR responded
2  that he was just waiting for his friend to exit the pizza restaurant and that if he left he
3  would not have a ride home as he did not have her phone number.

4   17. OFFICER SERNA told ALEMOZAFFAR to "stop acting like such a girl."
5  ALEMOZAFFAR asked OFFICER SERNA why he was being insulted and OFFICER
6  SERNA replied with a chuckle, "I'm calling you a girl because you're acting like one."
7  ALEMOZAFFAR looked at OFFICER SERNA's badge to identify his name and badge
8  number. He then informed OFFICER SERNA that he intended on reporting his insulting
9  comments to his superiors.

10   18. Immediately after advising OFFICER SERNA that he intended on filing a
11  complaint, ALEMOZAFFAR turned his back to OFFICER SERNA and began walking
12  away from the area. After ALEMOZAFFAR had already turned around, OFFICER
13  SERNA struck ALEMOZAFFAR to take him to the ground. ALEMOZAFFAR fell face
14  down against the asphalt.

15   19. OFFICER SERNA'S tackling of ALEMOZAFFAR initiated a group assault of
16  ALEMOZAFFAR by several officers, including OFFICER SERNA, OFFICER
17  MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and
18  DOES 1 to 50. These officers placed a knee into ALEMOZAFFAR's back, got on top of
19  him, and grabbed and repeatedly lifted and smashed the back of his head into the
20  ground resulting in severe contusions and scarring to the left side of his face. His hands
21  were restrained behind his back with nylon handcuffs. <u>After</u> ALEMOZAFFAR was
22  handcuffed, lying on his stomach, we are informed and believe that DEPUTY
23  REYMUNDO electrically shocked him more than ten times with a hand-held Taser
24  weapon on the back of ALEMOZAFFAR's right thigh, right back, right flank, and left
25  wrist which was crossed under ALEMOZAFFAR's right arm, behind his back in nylon
26  restraints. The Taser left burns and scarring on ALEMOZAFFAR's body.

27   20. After the officers stopped beating and electrocuting ALEMOZAFFAR,
28  ALEMOZAFFAR remained lying face down on the asphalt. He pleaded for the officers

COMPLAINT FOR DAMAGES                        5

1  not to hurt his recently operated-on shoulder as he was lifted and dragged across the
2  street. ALEMOZAFFAR asked why he was being arrested and beaten. He explained
3  that he was a medical student and worked with the police regularly in the Emergency
4  Room and hospitals. OFFICER SERNA replied, "Well, this is the end of your career."

5  21. After being treated by Emergency Medical Technicians, an officer approached
6  ALEMOZAFFAR to unclip his handcuffs. He questioned ALEMOZAFFAR about how
7  the Taser felt since he had never used one and wanted to learn. ALEMOZAFFAR
8  explained that "it is completely debilitating, painful, and makes you feel like you're going
9  to die." The officer replied that it does not seem like anyone could fight back after being
10 Taser-ed.

11 22. Following the incident, OFFICER SERNA and DEPUTY REYMUNDO filed false
12 reports and a citation alleging ALEMOZAFFAR resisted, delayed or obstructed peace
13 officer duties. At no time did ALEMOZAFFAR resist arrest or assault any police officer.
14 At no time did ALEMOZAFFAR have a weapon or pose a threat to any peace officers.
15 At no time did ALEMOZAFFAR give any officer probable cause to believe that he
16 committed a crime. Throughout the above events, ALEMOZAFFAR was tearfully
17 crying, telling the officers that he was not resisting and was, in fact, passively receiving
18 the peace officers' use of force.

19 23. Third party witnesses filed reports with CCSF shortly after the incident. Despite
20 this notice, CCSF refused to investigate the third party reports and adopted and ratified
21 the false reports filed by their employees. CCSF also denied receipt of any third party
22 reports to cover up evidence of their employees' conduct and false reports. CCSF
23 further ratified their employees' conduct by finding no liability for the conduct of their
24 employees.

25 24. Defendants CCSF and Does 1 to 50, by and through their supervisory officials
26 and employees, have been given notice on repeated occasions of a pattern of ongoing
27 constitutional violations and practices by Defendant peace officers herein and other
28 SFPD peace officers, constituting the use of unnecessary and excessive force against

COMPLAINT FOR DAMAGES

6

1  citizens and false arrests of citizens. Specifically, the North Beach division of the SFPD
2  has a pattern of ongoing constitutional violations that have received notoriety in news
3  media. Ongoing accounts of excessive use of force by North Beach police officers such
4  as OFFICER SERNA and deputy sheriffs such as DEPUTY REYMUNDO have drawn
5  public attention to these ongoing practices. Despite said notice, CCSF and DOES 1 to
6  50 have demonstrated deliberate indifference to this pattern and practices of their
7  officers' constitutional violations by failing to take necessary, appropriate, or adequate
8  measures to prevent the continued perpetuation of said pattern of conduct by SFPD
9  police officers and SFSD deputy officers, and especially within the North Beach district
10 of San Francisco. This lack of adequate supervisory response by CCSF and Does 1 to
11 50 demonstrates ratification of the unconstitutional acts of OFFICER SERNA, OFFICER
12 MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and
13 DOES 1 to 50, as well as the existence of an informal custom or policy that tolerates
14 and promotes the continued use of excessive force against and violation of civil rights of
15 citizens by SFPD police officers and SFSD deputy officers including violations of the
16 First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution as
17 well as Civil Rights within the California Constitution as reflected in statutory causes of
18 action such as California Civil Code §52.1.
19    25. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,
20 DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the
21 direct and proximate result of the deliberate indifference and policy and/or practice of
22 Defendants CCSF, and DOES 1 to 50, and their supervisory officials and employees to
23 violations of the constitutional rights of citizens by Defendant police officers herein, and
24 other members of the SFPD and SFSD. The Plaintiff's injuries were foreseeable and a
25 proximate result of the deliberate indifference of CCSF and DOES 1 to 50 to the pattern,
26 practices, customs, and policies described above.
27    26. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA,
28 DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the

COMPLAINT FOR DAMAGES                                                              7

1  direct and proximate result of CCSF's negligent and or failure to train and/or supervise its employees and agents.

27. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the direct and proximate result of CCSF's negligent and or failure to train and/or supervise its employees and agents on the use of Taser or similar electrical shock weapons.

28. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the direct and proximate result of CCSF's negligent and or failure to train and/or supervise its employees and agents on the use of force.

29. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the direct and proximate result of CCSF's implementation of a policy of inadequate training.

30. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the direct and proximate result of CCSF's negligent supervision and/or discipline of its employees and agents who have committed negligent and intentional constitutional violations in the past.

31. The acts of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 alleged herein are the direct and proximate result of CCSF's negligent retention of employees and agents who have committed negligent and intentional constitutional violations in the past.

32. Prior to filing this complaint, ALEMOZAFFAR filed a government claim with CCSF based upon the allegations in this complaint. CCSF denied the claim by written letter on July 10, 2007.

## DAMAGES

33. As a proximate result of Defendants' conduct, plaintiff suffered personal injuries, scarring and pain and suffering that continue to the present.

COMPLAINT FOR DAMAGES                                    8

34. As a proximate result of Defendants' conduct, plaintiff has suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

35. As a proximate result of Defendants' conduct, plaintiff has incurred and will continue to incur medical expenses for treatment.

36. The conduct of Defendants and each of them was malicious, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against those defendants.

37. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of this complaint.

39. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right to free speech, as guaranteed by the First Amendment to the United States Constitution.

40. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///
///
///

9

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – VIOLATION OF FOURTH AMENDMENT)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution.

43. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this complaint.

45. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to substantive due process protections of the Fourteenth Amendment to the United States Constitution.

46. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION

### (42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this complaint.

48. In doing the acts complained of, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to: The right not to be deprived of life or liberty without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and The right to be free from pre-conviction punishment, seizure and force as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitution; The right to be free from harassment as guaranteed by the fourth, fifth and fourteenth Amendments to the United States Constitutions.

49. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 acting in the course and scope of their employment for CCSF, violated California Civil Code

section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

52. As a direct and proximate result of Defendants' violation of Civil Code section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

53. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

54. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code section 52.1(h).

55. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION

### (BATTERY BY PEACE OFFICER)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 of this complaint.

57. In doing the acts alleged herein, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 intentionally touched plaintiff ALEMOZAFFAR and used unreasonable force to arrest him.

58. ALEMOZAFFAR did not consent to OFFICER SERNA and DEPUTY REYMUNDO's use of force.

59. ALEMOZAFFAR was harmed.

60. OFFICER SERNA and DEPUTY REYMUNDO's use of unreasonable force was a substantial factor in causing ALEMOZAFFAR's harm.

61. OFFICER SERNA and DEPUTY REYMUNDO's conduct was neither privileged nor justified under statute or common law.

62. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

63. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION

(ASSAULT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 of this complaint.

65. OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 intentionally did an act that made ALEMOZAFFAR reasonably believe that he was about to be touched in a harmful or offensive manner.

66. ALEMOZAFFAR did not consent to the conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50.

67. ALEMOZAFFAR was harmed.

68. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was a substantial factor in causing ALEMOZAFFAR's harm.

69. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

70. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 70 of this complaint.

72. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was outrageous.

73. OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 intended to cause ALEMOZAFFAR emotional distress or acted with reckless disregard of the probability that ALEMOZAFFAR would suffer emotional distress.

74. ALEMOZAFFAR suffered severe emotional distress.

75. The conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 was a substantial factor in causing ALEMOZAFFAR's severe emotional distress.

76. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

1  77. In doing the foregoing wrongful acts, Defendants, and each of them, acted in
2  reckless and callous disregard for the constitutional rights and safety of Plaintiff. The
3  wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.
4  WHEREFORE, Plaintiff prays for relief as set forth herein.

## EIGHTH CAUSE OF ACTION

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77 of this complaint.

79. The wrongful conduct of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 constitutes negligence done with conscious disregard for the rights of plaintiff and did not comply with the standard of care to be exercised by reasonable persons.

80. As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

81. Defendant CCSF is liable to plaintiff for the violations of his civil rights by OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

82. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and safety of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR DAMAGES

15

## NINTH CAUSE OF ACTION

(NEGLIGENCE)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 to 50)

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82 of this complaint.

84. At all times herein mentioned, OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.

85. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

86. Defendant CCSF is liable to plaintiff for the damages caused by the negligence of OFFICER SERNA, OFFICER MCGRATH, OFFICER MORIYAMA, DEPUTY COVIELLO, DEPUTY REYMUNDO and DOES 1 to 50 because their conduct occurred in the course and scope of their employment with CCSF.

87. In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights and of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages in a sum according to proof at trial;

2. Special damages in a sum according to proof at trial;
3. Punitive damages against individual defendants;
4. For injunctive relief enjoining Defendant CCSF from allowing, or ratifying the practice by any police officer employee of Defendant CCSF from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. Statutory damages, and reasonable attorney's fees pursuant to California Civil Code section 52.1.
6. Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;
7. Costs of suit incurred herein;
8. Such other and further relief as the Court may deem just and proper.

Dated: July 18, 2007

LAW OFFICES OF SANFORD M. CIPINKO

By_____
SANFORD M. CIPINKO
Attorney for Plaintiff MEHRDAD ALEMOZAFFAR

COMPLAINT FOR DAMAGES

17