SANFORD M. CIPINKO, Esq., SBN 88102
JEREMY CLOYD, Esq., SBN 239991
LAW OFFICES OF SANFORD M. CIPINKO
55 FRANCISCO STREET, SUITE 403
SAN FRANCISCO, CA 94133
VOICE:       (415) 693-9905
FACSIMILE: (415) 693-9904

Attorneys for Plaintiff
MEHRDAD ALEMOZAFFAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRDAD ALEMOZAFFAR,<br><br>           Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JESSE SERNA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. MCGRATH, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. REYMUNDO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO; G. COVIELLO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO ; and DOES 1-50, individually and in their official capacities.<br><br>           Defendants. | Case No. C 07-04494 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    December 7, 2007<br>Time:   1:30 p.m.<br>Place:   Courtroom 2 |

The parties to the above-entitled action submit this Joint Case Management Statement in anticipation of the December 7, 2007 Case Management Conference.

## JOINT CASE MANAGEMENT STATEMENT

### 1. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this case pursuant to its federal question jurisdiction and supplemental jurisdiction. Defendant City and County of San Francisco answered and removed the case to federal court. Plaintiff served the City. The parties currently have a dispute about whether the individually named officers were properly served. The parties anticipate resolving this dispute shortly.

### 2. FACTS

#### A. Plaintiff's Version

Plaintiff Mehrdad Almozaffar alleges that on December 17, 2006, members of the San Francisco Police and Sheriff's Department tackled plaintiff, restrained his arms in nylon restraints and repeatedly jolted him with a Taser stun gun more than ten times, resulting in scarring, burning and other personal injuries. Plaintiff alleges these events occurred because he informed Officer Jesse Serna that he was going to report him to his superiors for calling him a girl.

Plaintiff claims that the above facts represent excessive use of force by officers and deputies of the City and County of San Francisco in violation of State and Federal Constitutions and state common law. Plaintiff further claims that said use of force is symptomatic of the City and County of San Francisco's policies, procedures, and training of officers and deputies, particularly in the North Beach area of San Francisco.

#### B. Defendants' Version

On December 17, 2006, at approximately 2 a.m., San Francisco police officers and sheriff deputies were helping to clear Broadway of bar patrons as the bars and clubs in the area closed down. Broadway developed a very significant problem with drunk and violent patrons causing problems and committing crimes on Friday and

Saturday nights. As a result, officers and deputies heavily patrol the area and work to clear the area of bar-goers when the bars close.

Plaintiff was drunk and refusing to follow instructions to clear the area. He became aggressive and hostile toward the police and was interfering with their ability to clear the area. Officers therefore arrested Plaintiff. Plaintiff physically resisted, and the officers used control holds to obtain physical control of him. When he continued to resist, a sheriff deputy warned him that the deputy would apply a taser to him if he did not stop resisting. When Plaintiff continued to resist, the deputy applied taser to Plaintiff twice. Plaintiff then stopped resisting, and he was taken into custody. A paramedic examined him and clear him, and the officers then cited and released him. Plaintiff was apologetic after the fact.

### C. Principal factual issues in dispute

- Whether Plaintiff was intoxicated and if so, to what extent.
- Whether Plaintiff resisted arrest.
- Whether Plaintiff engaged in the conduct described in Defendants' version.
- Whether the officers/deputies engaged in the conduct described in Plaintiff's version.
- The level of force that officers used against Plaintiff.
- Whether Defendants made the statements attributed to them by Plaintiff.
- The number of taser applications applied to Plaintiff.
- The nature and extent of Plaintiff's injuries.

## 3. LEGAL ISSUES

- Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.
- Whether the officers used excessive force against Plaintiff.
- Whether the officers are entitled to qualified immunity.
- Whether Defendants caused any of Plaintiff's alleged damages.

- Whether Plaintiff was at fault for any damages that he sustained.

## 4. MOTIONS

No motions have been filed or are currently scheduled for hearing. Plaintiff does not anticipate filing any motions at this time. Defendants may move for summary judgment or partial summary judgment. Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the underlying liability issues. Defendants may move to bifurcate punitive damages issues and discovery from other issues in the case.

## 5. AMENDMENT OF PLEADINGS

The parties do not expect to amend the pleadings.

## 6. EVIDENCE PRESERVATION

The parties have preserved evidence.

## 7. DISCLOSURES

The parties have agreed to make initial disclosures at the time of filing the joint case management statement.

## 8. DISCOVERY – JOINT DISCOVERY PLAN

### A. Plaintiff's Discovery Plan

#### i. Depositions

Plaintiff anticipates taking the deposition of each defendant and expert witness offered by the defendants. Plaintiff also anticipates taking "PMK" depositions for the Sheriff's Department and the Police Department.

#### ii. Request for Production

Plaintiff will request defendants produce the documents identified in their initial disclosures as well as: the internal affairs files regarding misconduct complaints; policies and procedures manual; forms used by internal affairs for recording and processing complaints; annual reports of the internal affairs division; a listing of complaints; investigation case files; audits and reviews of the officers' unit; complaints involving administrative violations by the officers; use of force reports for the officers; records of arrests by the individual officers; reports regarding injuries received by the

officers; reports regarding injuries to persons arrested by the officers; performance evaluations; and training materials that concern the use of force.

### iii. Interrogatories

Plaintiff anticipates propounding interrogatories after reviewing defendants' initial document production. The document request is expected to elicit policies, procedure, training, and standards applicable to the individual officers. Plaintiff's subsequent interrogatories will likely focus on identification of and narrowing of the City's policies, procedures, training, and standards applicable to individual officers to assist in determining the reasonableness of the individual officers' actions in the subject incident.

### iv. Requests for Admission

Plaintiff anticipates propounding requests for admission after depositions and reviewing other discovery responses. Plaintiff's subsequent requests for admission will likely focus on the individual officers' violations of City policies, procedures, training, and standards by individual officers in relation to the reasonableness of their actions in the subject incident.

### v. Key Witnesses

Plaintiff believes the six parties, approximately six witnesses to the circumstances and events surrounding the incident, and medical service providers are the key witnesses to this action.

### vi. Information Plaintiff Believes Essential to Obtain from Defendants

Plaintiff believes the documents identified above and the depositions of each defendant are essential. Plaintiff will also likely require "PMK" depositions for the San Francisco Police Department and the San Francisco Sheriff's Department.

### B. Defendants' Discovery Plan

### i. Depositions

Based on the current information in Defendants' possession, Defendants intend to take the depositions of Plaintiff, Amy Alton, and Elisabeth Chaplin. Defendants may take additional witness deposition once Defendants learn the identity of additional

witnesses.

Defendants also may take the depositions of damages witnesses, including any treating medical staff who treated Plaintiff and other damages witnesses. Plaintiff has not yet disclosed these persons, if any.

Defendants also intend to depose any expert witnesses disclosed by Plaintiff.

### ii. Requests for Production

Defendants are propounding to Plaintiff the following requests for production:

- All DOCUMENTS IDENTIFIED or referred to in YOUR initial disclosures.
- All DOCUMENTS IDENTIFIED or referred to in YOUR responses to interrogatories in this case.
- All DOCUMENTS relating to, referring to, or describing the INCIDENT.
- All DOCUMENTS that YOU contend support YOUR claim that any defendant in this case is liable to YOU.
- All DOCUMENTS reflecting or constituting communications relating to the INCIDENT, including without limitation emails, letters, and notes.
- All DOCUMENTS containing, reflecting, or relating to any statements about the INCIDENT by any defendant(s) in this lawsuit.
- All witness statements relating to or referring to the INCIDENT.
- All DOCUMENTS relating to or reflecting YOUR criminal history.
- All DOCUMENTS relating to, referring to, describing, evidencing, or supporting any damages that YOU are claiming in this case.
- YOUR medical records relating to the INCIDENT.
- All DOCUMENTS reflecting any jobs held or income earned by YOU before the INCIDENT.

### iii. Interrogatories

Defendants are propounding the following interrogatories to Plaintiff:

- State every name that YOU have used in YOUR life.
- What is YOUR date of birth?

- Please provide all home addresses where YOU have lived.
- Please describe with particularity each crime of which YOU have been convicted, including without limitation the name of the crime, the court in which YOU were convicted, the date of conviction, and the case number of the matter that resulted in the conviction.
- Describe with particularity all lawsuits that YOU have filed. Please include the titles of the lawsuits, the names of the parties, the courts in which the lawsuits were filed, the case number, the facts underlying the lawsuits, and the resolutions of the lawsuits.
- Describe with particularity how the INCIDENT occurred.
- Please state all facts supporting YOUR claim that any employee of the City and County of San Francisco is liable for violating YOUR federal constitutional rights, including a description with particularity of what each specific employee is alleged to have done.
- Please state all facts supporting YOUR claim that any employee of the City and County of San Francisco is liable to YOU under California law, including a description with particularity of what each specific employee is alleged to have done.
- Please describe all damages that YOU are claiming in this lawsuit, including an itemization of the types and amounts of damages that YOU are claiming.
- IDENTIFY all persons with knowledge of the damages that YOU are claiming in this lawsuit.
- Describe all physical injuries that YOU sustained as a result of the INCIDENT.
- As of immediately before the INCIDENT, did YOU have any mental, physical, or emotional disability or injury that is similar to, or affecting the same

parts of YOUR body as, any disabilities or injuries that YOU are claiming as a result of the INCIDENT.

- Are YOU claiming severe emotional distress or psychological injury as a result of the INCIDENT?
- If YOU are claiming severe emotional distress or psychological injury as a result of the INCIDENT, please state all facts supporting that claim.]
- If YOU are claiming severe emotional distress or psychological injury as a result of the INCIDENT, please IDENTIFY all persons with knowledge of that claim.
- Are YOU claiming that YOU lost income (past, present, or future) as a result of the INCIDENT?
- If YOU are claiming that YOU lost income (past, present, or future) as a result of the INCIDENT, state all facts supporting such claim, including without limitation the precise amount of lost income that YOU are claiming and the method of calculating that amount?
- If YOU are claiming that YOU lost income (past, present, or future) as a result of the INCIDENT, IDENTIFY all persons with knowledge of that claim.
- If YOU are claiming that YOU lost income (past, present, or future) as a result of the INCIDENT, IDENTIFY all DOCUMENTS supporting that claim.
- IDENTIFY all health care professionals who treated YOU as a result of the INCIDENT.
- IDENTIFY all mental health professionals, including without limitation psychiatrists, psychologists, therapists, counselors, and social workers, from whom YOU have obtained treatment or counseling in the past ten years.
- IDENTIFY all health care professionals who treated YOU from ten years before the INCIDENT through the present.
- Are you currently experiencing any physical, mental, or emotional symptoms, pain, or problems as a result of the INCIDENT?

- If YOUR response to interrogatory 23 is anything but an unqualified negative response, please describe all physical, mental, or emotional symptoms, pain, or problems that you are currently experiencing as a result of the INCIDENT?

- Please state all facts supporting your claim that the City and County of San Francisco is liable to YOU under either federal or state law, including without limitation all facts supporting YOUR claim that a policy, custom, or usage of the City and County of San Francisco caused all or part of the injuries that YOU are claiming in this case.

### iv. Requests for Admission

Defendants may propound requests for admission on Plaintiff asking him to verify specific facts and to authenticate specific documents. Defendants will not propound RFAs until relatively late in the discovery period.

### v. Key Witnesses

Key witnesses are Plaintiff, Amy Alton, Elisabeth Chaplin, the five individual defendants, and the paramedic who examined Plaintiff (whose name we do not yet have).

### vi. Information Defendant Believes Essential To Obtain From Plaintiff

Defendants will need to take the depositions of Plaintiff, Amy Alton, Elisabeth Chaplin, and the paramedic who examined Plaintiff. Defendants will also need to obtain interrogatory responses and medical records relating to the incident. Defendants also may need to obtain a psychological IME of Plaintiff if he is claiming psychological injury from the incident.

### vii. Limitations on Discovery/Phasing

Defendants contend that *Monell* discovery should be stayed and deferred until adjudication of the underlying constitutional claims. Defendants also contend that punitive-damages discovery should be stayed and deferred, given that punitive damages should be bifurcated from liability in this case.

### 9. CLASS ACTIONS

Not applicable

### 10. RELATED CASES

None

### 11. RELIEF

Plaintiff seeks monetary damages as follows: Medical Expenses; General Damages of $5,000,000.00 (estimated). Defendants are seeking attorneys fees and costs.

### 12. ALTERNATIVE DISPUTE RESOLUTION:

The parties have discussed, requested and have been ordered to the following court ADR process: mediation. Plaintiff would need to conclude the depositions of the defendants and obtain the documents listed in paragraph 8 above to prepare for settlement discussions.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

The parties do not consent to trial of this case by a United States Magistrate Judge.

### 14. OTHER REFERENCES:

The parties do not feel that this case is appropriate for other references.

### 15. NARROWING OF ISSUES:

None

### 16. EXPEDITED SCHEDULING:

The parties do not believe that this case is suitable for expedited scheduling.

### 17. SCHEDULING:

The Court will need to set dates for the close of discovery, summary judgment (hearing and briefing), and expert disclosures.

### 18. TRIAL

The case will be tried to a jury. Plaintiff anticipates that the trial may last 10 court days. The parties propose a trial date in mid-November 2008.

**19. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES:**

The parties are unaware of entities with either a financial interest in the subject matter of the controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED: 11/30/07          LAW OFFICES OF SANFORD M. CIPINKO

By: *[signature]*
SANFORD M. CIPINKO
JEREMY CLOYD
Attorneys for Plaintiff Mehrdad Alemozaffar

DATED: _____          DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
Deputy City Attorney

By:_____
SCOTT D. WIENER
Attorneys for Defendant City and County of San Francisco

**19. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES:**

The parties are unaware of entities with either a financial interest in the subject matter of the controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED: _____  LAW OFFICES OF SANFORD M. CIPINKO

By:_____
SANFORD M. CIPINKO
Attorneys for Plaintiff Mehrdad Alemozaffar

DATED: 11/28/07  DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
Deputy City Attorney

By:_____
SCOTT D. WIENER
Attorneys for Defendant City and County of San Francisco