1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq., SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:      (415) 693-9905
4  FACSIMILE: (415) 693-9904

5  Attorneys for Plaintiff
   MEHRDAD ALEMOZAFFAR
6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   MEHRDAD ALEMOZAFFAR,                    )  Case No. C 07-04494 JSW
12                                         )
                  Plaintiff,               )
13                                         )  **[PROPOSED] PROTECTIVE ORDER**
         vs.                               )
14                                         )
   CITY AND COUNTY OF SAN                  )
15 FRANCISCO, a municipal corporation;     )
   JESSE SERNA, individually and in his    )
16 official capacity as a police officer for the )
   CITY AND COUNTY OF SAN                  )
17 FRANCISCO; GARY MORIYAMA,               )
   individually and in his official capacity as a )
18 police officer for the CITY AND COUNTY  )
   OF SAN FRANCISCO; J. MCGRATH,           )
19 individually and in his official capacity as a )
   police officer for the CITY AND COUNTY  )
20 OF SAN FRANCISCO; J. REYMUNDO,          )
   individually and in his official capacity as a )
21 deputy sheriff officer for the CITY AND  )
   COUNTY OF SAN FRANCISCO; G.            )
22 COVIELLO, individually and in his official )
   capacity as a deputy sheriff officer for the )
23 CITY AND COUNTY OF SAN                  )
   FRANCISCO ; and DOES 1-50,             )
24 individually and in their official capacities. )
                                           )
25                Defendants.              )
                                           )
26 ─────────────────────────────────────────
27

28

1    Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and

2    conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this

3    matter be made pursuant to the terms of this PROTECTIVE ORDER.

4    GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of

5    record, to the entry of an order as follows:

6    1.    CONFIDENTIAL INFORMATION, within the meaning of this

7    PROTECTIVE ORDER, shall include all documents containing peace officer personnel

8    records, official information and other such documents that defendants in good faith

9    have determined to be confidential.  Defendants shall attempt to stamp "Confidential" on

10   all such documents prior to production.  In the event that any CONFIDENTIAL

11   INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party

12   who notices this oversight shall immediately make it known to the other parties and the

13   documents shall immediately be stamped as "Confidential" and treated as such, as per

14   this order.

15   2.    All documents, including, but not limited to, audiotapes, videotapes,

16   photographs, transcripts, etc., related to the criminal investigation incidental to the event

17   forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL

18   INFORMATION, within the meaning of this stipulation.

19   3.    Plaintiff may challenge defendants' designation of a particular document

20   as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the

21   Court.  The parties agree that the prevailing party in a motion to remove the confidential

22   designation shall waive any entitlement to monetary sanctions, including attorney's fees.

23   4.    Unless disclosure is ordered by the Court, attorneys for defendants shall

24   have the sole authority to determine that documents subject to the PROTECTIVE

25   ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise

26   counsel for plaintiff in writing if this determination is made.

27

28

1        5.      Plaintiff's and Defendants' Counsel may exhibit, discuss, and/or disclose

2 CONFIDENTIAL INFORMATION only to the following categories of person and no other

3 unless authorized by the Court:

4            a.      Plaintiff's Counsel and Defendants' Counsel;

5            b.      Experts, investigators or consultants retained by Plaintiff's Counsel

6 to assist in the evaluation, preparation, or trial of this case; however, before any expert,

7 investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION,

8 such individual must agree to comply with the terms of this PROTECTIVE ORDER by

9 executing the document attached as Exhibit A. Counsel shall file and serve that

10 document upon its execution; however, counsel shall not be required to file any

11 Agreement to Comply any earlier than the date that Expert Disclosures are required to

12 be made. Experts, investigators, and consultants shall not have any power to authorize

13 further disclosure of CONFIDENTIAL INFORMATION to any other person, unless that

14 person has also signed an agreement to comply which is then filed by counsel.

15            c.      Mediators, arbitrators, or alternative dispute resolution neutrals.

16        6.      Counsel for Plaintiff may not provide originals or copies of the

17 CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of

18 counsel for the City or a court order, subject to the following: Plaintiff's counsel may

19 show CONFIDENTIAL INFORMATION to Plaintiff and discuss those materials with

20 Plaintiff, but may not give Plaintiff copies;

21        7.      Unless otherwise stipulated to by the parties, any use of CONFIDENTIAL

22 INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION

23 in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the

24 Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).

25 The sealed envelopes shall be endorsed with the caption of this litigation, and an

26 indication of the nature of the contents of the envelopes and a statement substantially in

27 the following form:

28            "This envelope contains documents that are filed in this case
             pursuant to a Protective Order and are not to be opened nor the

1    contents thereof to be displayed or revealed except by further order
      of the Court or written consent of the City and County of San
2    Francisco."

3        8.    The designation of information as confidential shall not affect the

4    admissibility of the information at trial. However, in the event any person desires to

5    exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this

6    stipulation during trial or pretrial proceedings, such person shall meet and confer with

7    counsel for defendants to reach an agreement, in accordance with the Court's rules and

8    procedures, on an appropriate method for disclosure, and if defendants do not agree to

9    such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless

10   authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that

11   incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation

12   shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of

13   this PROTECTIVE ORDER.  The Court Reporter shall mark as "Confidential" any

14   deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or

15   any reference to CONFIDENTIAL INFORMATION.

16       9.    Any inadvertent disclosure made in violation of this PROTECTIVE

17   ORDER shall be immediately corrected by the offending party and does not constitute a

18   waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the

19   parties, or further order of this Court.

20       10.   All documents covered by this PROTECTIVE ORDER and copies thereof

21   (including those in the possession of experts, consultants, etc.) will be returned to the

22   San Francisco City Attorney's Office at the termination of this litigation or destroyed

23   within 30 days after the final disposition of this case, without request or further order of

24   the court.  The provisions of this PROTECTIVE ORDER shall, without further order of

25   the Court, continue to be binding after the conclusion of the action, and this Court will

26   have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

27       11.   Should all parties or their counsel fail to comply with this PROTECTIVE

28   ORDER, the violating parties and their counsel shall be liable for all costs associated

---

[PROPOSED] PROTECTIVE ORDER; CASE NO. C 07-04494 JSW                          4

1   with enforcing this agreement, including but not limited to all attorney fees in amounts to

2   be determined by the Court.  Counsel may also be subject to additional sanctions or

3   remedial measures, as determined by the court.

4           12. This protective order expressly does not apply to documents that are part of

5   the public record or documents that Defendants have not treated in a confidential

6   manner.

7   IT IS SO STIPULATED.

8   Dated: 3\4\08

9                                          DENNIS J. HERRERA
                                           City Attorney
10                                         JOANNE HOEPER
                                           Chief Trial Attorney
11                                         RONALD P. FLYNN
                                           Deputy City Attorney
12
13                                  By: _____
14                                         SCOTT D. WIENER
                                           Attorneys for Defendants
15

16

17  Dated: 3/10/08              LAW OFFICES OF SANFORD M. CIPINKO

18
                               By: _____
19                                 JEREMY CLOYD
                                   Attorneys for Plaintiff
20

21  **ORDER**

22  BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

23

24  Dated:

25

26                                 _____
                                   THE HONORABLE JEFFREY S. WHITE
27                                 UNITED STATES DISTRICT JUDGE

28

[PROPOSED] PROTECTIVE ORDER; CASE NO. C 07-04494 JSW                        5

1                        **EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE**

2    **ORDER FOR CONFIDENTIAL INFORMATION**

3    I, _____, have read and understand the Court's Protective Order for

4    CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In

5    addition, I specifically understand and agree to the following:

6    1.    I will not disclose the CONFIDENTIAL INFORMATION to any other person.

7    2.    I understand that I have no power to authorize any other person to review the

8    CONFIDENTIAL INFORMATION.

9    3.    I agree not to make copies of the CONFIDENTIAL INFORMATION.

10   4.    I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party

11   that produced it, at or before the conclusion of this litigation.

12   5.    I understand that if I violate any of the terms of the Protective Order, then

13   Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

14

15   AGREED:

16

17   _____
           DATE
18

19                                    _____
                                       SIGNATURE
20

21                                    _____
                                       PRINT NAME

22

23

24

25

26

27

28