1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq., SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:      (415) 693-9905
4  FACSIMILE: (415) 693-9904

5
   Attorneys for Plaintiff
6  MEHRDAD ALEMOZAFFAR

7

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   MEHRDAD ALEMOZAFFAR,                    )  Case No. C 07-04494 JSW
12                                         )
                Plaintiff,                 )
13                                         )  [PROPOSED] PROTECTIVE ORDER
        vs.                                )
14                                         )
   CITY AND COUNTY OF SAN                  )
15 FRANCISCO, a municipal corporation;     )
   JESSE SERNA, individually and in his    )
16 official capacity as a police officer for the )
   CITY AND COUNTY OF SAN                  )
17 FRANCISCO; GARY MORIYAMA,               )
   individually and in his official capacity as a )
18 police officer for the CITY AND COUNTY  )
   OF SAN FRANCISCO; J. MCGRATH,           )
19 individually and in his official capacity as a )
   police officer for the CITY AND COUNTY  )
20 OF SAN FRANCISCO; J. REYMUNDO,          )
   individually and in his official capacity as a )
21 deputy sheriff officer for the CITY AND  )
   COUNTY OF SAN FRANCISCO; G.             )
22 COVIELLO, individually and in his official )
   capacity as a deputy sheriff officer for the )
23 CITY AND COUNTY OF SAN                  )
   FRANCISCO ; and DOES 1-50,              )
24 individually and in their official capacities. )
                                           )
25              Defendants.                )
   _____ )
26

27

28

1       Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and

2  conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this

3  matter be made pursuant to the terms of this PROTECTIVE ORDER.

4       GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of

5  record, to the entry of an order as follows:

6       1.     CONFIDENTIAL INFORMATION, within the meaning of this

7  PROTECTIVE ORDER, shall include all documents containing peace officer personnel

8  records, official information and other such documents that defendants in good faith

9  have determined to be confidential.  Defendants shall attempt to stamp "Confidential" on

10  all such documents prior to production.  In the event that any CONFIDENTIAL

11  INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party

12  who notices this oversight shall immediately make it known to the other parties and the

13  documents shall immediately be stamped as "Confidential" and treated as such, as per

14  this order.

15       2.     All documents, including, but not limited to, audiotapes, videotapes,

16  photographs, transcripts, etc., related to the criminal investigation incidental to the event

17  forming the basis of this lawsuit shall be also be deemed CONFIDENTIAL

18  INFORMATION, within the meaning of this stipulation.

19       3.     Plaintiff may challenge defendants' designation of a particular document

20  as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the

21  Court.  The parties agree that the prevailing party in a motion to remove the confidential

22  designation shall waive any entitlement to monetary sanctions, including attorney's fees.

23       4.     Unless disclosure is ordered by the Court, attorneys for defendants shall

24  have the sole authority to determine that documents subject to the PROTECTIVE

25  ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise

26  counsel for plaintiff in writing if this determination is made.

27

28

1        5.    Plaintiff's and Defendants' Counsel may exhibit, discuss, and/or disclose

2    CONFIDENTIAL INFORMATION only to the following categories of person and no other

3    unless authorized by the Court:

4        a.    Plaintiff's Counsel and Defendants' Counsel;

5        b.    Experts, investigators or consultants retained by Plaintiff's Counsel

6    to assist in the evaluation, preparation, or trial of this case; however, before any expert,

7    investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION,

8    such individual must agree to comply with the terms of this PROTECTIVE ORDER by

9    executing the document attached as Exhibit A.  Counsel shall file and serve that

10    document upon its execution; however, counsel shall not be required to file any

11    Agreement to Comply any earlier than the date that Expert Disclosures are required to

12    be made.  Experts, investigators, and consultants shall not have any power to authorize

13    further disclosure of CONFIDENTIAL INFORMATION to any other person, unless that

14    person has also signed an agreement to comply which is then filed by counsel.

15        c.    Mediators, arbitrators, or alternative dispute resolution neutrals.

16        6.    Counsel for Plaintiff may not provide originals or copies of the

17    CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of

18    counsel for the City or a court order, subject to the following: Plaintiff's counsel may

19    show CONFIDENTIAL INFORMATION to Plaintiff and discuss those materials with

20    Plaintiff, but may not give Plaintiff copies;

21        7.    Unless otherwise stipulated to by the parties, any use of CONFIDENTIAL

22    INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION

23    in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the

24    Court's rules and procedures (see Northern District of California Civil Local Rule 79-5).

25    The sealed envelopes shall be endorsed with the caption of this litigation, and an

26    indication of the nature of the contents of the envelopes and a statement substantially in

27    the following form:

28        "This envelope contains documents that are filed in this case
    pursuant to a Protective Order and are not to be opened nor the

1     contents thereof to be displayed or revealed except by further order
2     of the Court or written consent of the City and County of San
      Francisco."

3     8.     The designation of information as confidential shall not affect the

4 admissibility of the information at trial. However, in the event any person desires to

5 exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this

6 stipulation during trial or pretrial proceedings, such person shall meet and confer with

7 counsel for defendants to reach an agreement, in accordance with the Court's rules and

8 procedures, on an appropriate method for disclosure, and if defendants do not agree to

9 such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless

10 authorized by order of the Court. Unless otherwise agreed, transcripts and exhibits that

11 incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation

12 shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of

13 this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any

14 deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or

15 any reference to CONFIDENTIAL INFORMATION.

16     9.     Any inadvertent disclosure made in violation of this PROTECTIVE

17 ORDER shall be immediately corrected by the offending party and does not constitute a

18 waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the

19 parties, or further order of this Court.

20     10.     All documents covered by this PROTECTIVE ORDER and copies thereof

21 (including those in the possession of experts, consultants, etc.) will be returned to the

22 San Francisco City Attorney's Office at the termination of this litigation or destroyed

23 within 30 days after the final disposition of this case, without request or further order of

24 the court. The provisions of this PROTECTIVE ORDER shall, without further order of

25 the Court, continue to be binding after the conclusion of the action, and this Court will

26 have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

27     11.     Should all parties or their counsel fail to comply with this PROTECTIVE

28 ORDER, the violating parties and their counsel shall be liable for all costs associated

1   with enforcing this agreement, including but not limited to all attorney fees in amounts to

2   be determined by the Court. Counsel may also be subject to additional sanctions or

3   remedial measures, as determined by the court.

4           12. This protective order expressly does not apply to documents that are part of

5   the public record or documents that Defendants have not treated in a confidential

6   manner.

7   IT IS SO STIPULATED.

8   Dated:  3/4/08

9                                       DENNIS J. HERRERA
                                        City Attorney
10                                      JOANNE HOEPER
                                        Chief Trial Attorney
11                                      RONALD P. FLYNN
                                        Deputy City Attorney
12
13                              By:     _____
14                                      SCOTT D. WIENER
                                        Attorneys for Defendants
15

16

17  Dated:  3/6/08               LAW OFFICES OF SANFORD M. CIPINKO

18
19                              By:     _____
                                        JEREMY CLOYD
20                                      Attorneys for Plaintiff

21  ORDER
    No document may be filed under seal except pursuant to a Court order.
22  BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED

23

24  Dated:  March 6, 2008

25
26                              _____
                                THE HONORABLE JEFFREY S. WHITE
27                              UNITED STATES DISTRICT JUDGE

28

---

[PROPOSED] PROTECTIVE ORDER; CASE NO. C 07-04494 JSW                    5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE
## ORDER FOR CONFIDENTIAL INFORMATION

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In addition, I specifically understand and agree to the following:

1.      I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2.      I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3.      I agree not to make copies of the CONFIDENTIAL INFORMATION.

4.      I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5.      I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.


AGREED:


_____
DATE

                                        _____
                                        SIGNATURE

                                        _____
                                        PRINT NAME