1  SANFORD M. CIPINKO, Esq., SBN 88102
   JEREMY CLOYD, Esq., SBN 239991
2  LAW OFFICES OF SANFORD M. CIPINKO
   55 FRANCISCO STREET, SUITE 403
3  SAN FRANCISCO, CA 94133
   VOICE:      (415) 693-9905
4  FACSIMILE: (415) 693-9904

5  Attorneys for Plaintiff
   MEHRDAD ALEMOZAFFAR
6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   MEHRDAD ALEMOZAFFAR,                 )   Case No. C 07-04494 JSW
12                                       )
             Plaintiff,                  )
13                                       )   JOINT CASE MANAGEMENT
   vs.                                   )   STATEMENT
14                                       )
   CITY AND COUNTY OF SAN                )   Date:   June 20, 2008
15 FRANCISCO, a municipal corporation;   )   Time:   1:30 p.m.
   JESSE SERNA, individually and in his  )   Place:  Courtroom 2
16 official capacity as a police officer for the )
   CITY AND COUNTY OF SAN                )
17 FRANCISCO; GARY MORIYAMA,             )
   individually and in his official capacity as a )
18 police officer for the CITY AND COUNTY )
   OF SAN FRANCISCO; J. MCGRATH,         )
19 individually and in his official capacity as a )
   police officer for the CITY AND COUNTY )
20 OF SAN FRANCISCO; J. REYMUNDO,        )
   individually and in his official capacity as a )
21 deputy sheriff officer for the CITY AND )
22 COUNTY OF SAN FRANCISCO; G.           )
   COVIELLO, individually and in his official )
23 capacity as a deputy sheriff officer for the )
24 CITY AND COUNTY OF SAN               )
   FRANCISCO ; and DOES 1-50,           )
25 individually and in their official capacities. )
26           Defendants.                  )
                                         )
27 _____)

28

JOINT CASE MANAGEMENT STATEMENT; CASE NO. C 07-04494 JSW                    1

1    The parties to the above-entitled action submit this Joint Case Management

2    Statement in anticipation of the June 20, 2008 Case Management Conference.

3                    **JOINT CASE MANAGEMENT STATEMENT**

4    **1. JURISDICTION AND SERVICE**

5        The Court has subject matter jurisdiction over this case pursuant to its federal

6    question jurisdiction and supplemental jurisdiction.  Defendant City and County of San

7    Francisco answered and removed the case to federal court.  All defendants have been

8    served and have answered the complaint.

9    **2. FACTS**

10        **A.    Plaintiff's Version**

11        Plaintiff Mehrdad Alemozaffar alleges that on December 17, 2006, members of

12    the San Francisco Police and Sheriff's Department tackled him, restrained his arms in

13    zip-tie cuffs and then repeatedly jolted him with a Taser more than ten times, resulting in

14    scarring, burning and other personal injuries.

15        There were no disturbances on Broadway Avenue around the time of the

16    incident.  People leaving bars dispersed quickly that night.  Plaintiff was not involved in

17    any disturbances until the time of the incident.  Plaintiff was not intoxicated at the time of

18    the incident.  The precipitating event for this use of force was Plaintiff's stated intent to

19    report one of the Officer's for admittedly telling Plaintiff to "stop acting like a girl"

20    because he was trying to meet his designated driver.

21        Plaintiff claims that the above facts represent excessive use of force by officers

22    and deputies of the City and County of San Francisco in violation of State and Federal

23    Constitutions and state common law.  Plaintiff further claims that said use of force

24    resulted from the City and County of San Francisco's policies, procedures, and training

25    of its employees.

26        As a direct result of the incident, Plaintiff suffers from anxiety, permanent scarring

27    across his back, and a shoulder injury that effects his chosen profession as a doctor.

28

**B.  Defendants' Version**

On December 17, 2006, at approximately 2 a.m., San Francisco police officers and sheriff deputies were helping to clear Broadway of bar patrons as the bars and clubs in the area closed down.  Broadway developed a very significant problem with drunk and violent patrons causing problems and committing crimes on Friday and Saturday nights.  As a result, officers and deputies heavily patrol the area and work to clear the area of bar-goers when the bars close.

Plaintiff was drunk and refusing to follow instructions to clear the area.  He became aggressive and hostile toward the police and was interfering with their ability to clear the area.  Officers therefore arrested Plaintiff.  Plaintiff physically resisted, and the officers used control holds to obtain physical control of him.  When he continued to resist, a sheriff deputy warned him that the deputy would apply a taser to him if he did not stop resisting.  When Plaintiff continued to resist, the deputy applied a taser to him. Plaintiff continued to resist, and the deputy applied the taser again.  Plaintiff then stopped resisting, and he was taken into custody.  A paramedic examined him and cleared him, and the officers then cited and released him.  Plaintiff was apologetic after the fact.

**C.  Principal factual issues in dispute**

- Whether Plaintiff was intoxicated and if so, to what extent.
- Whether Plaintiff resisted arrest.
- Whether Plaintiff engaged in the conduct described in Defendants' version.
- Whether the officers/deputies engaged in the conduct described in Plaintiff's version.
- The level of force that officers used against Plaintiff.
- Whether Defendants made the statements attributed to them by Plaintiff.
- The number of taser applications applied to Plaintiff.
- The nature and extent of Plaintiff's injuries.

## 3. LEGAL ISSUES

- Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.
- Whether the officers used excessive force against Plaintiff.
- Whether the officers are entitled to qualified immunity.
- Whether Defendants caused any of Plaintiff's alleged damages.
- Whether Plaintiff was at fault for any damages that he sustained.

## 4. MOTIONS

No motions have been filed or are currently scheduled for hearing. Plaintiff does not anticipate filing any motions at this time. Defendants may move for summary judgment or partial summary judgment and intend to file an objection to Magistrate Judge Elizabeth D. Laporte's order compelling production of certain personnel records.

## 5. AMENDMENT OF PLEADINGS

The parties do not expect to amend the pleadings at this time.

## 6. EVIDENCE PRESERVATION

The parties have preserved evidence.

## 7. DISCLOSURES

The parties have made their initial disclosures.

## 8. DISCOVERY – JOINT DISCOVERY PLAN

### A. Plaintiff's Discovery Plan

#### i. Depositions

Plaintiff has completed three out of five individual Officer depositions and is waiting for the production of Monell documents to complete the remaining Officer depositions.

Plaintiff anticipates noticing FRCP 30(b)(6) depositions on the subjects of Tasers and the Broadway Corridor Task Force created by the San Francisco Police Department. Plaintiff may notice the deposition of the paramedic that treated Plaintiff at the scene, however, Defendants have already expressed an interest in taking this

1    deposition.  There may be additional witnesses disclosed by Defendants through written

2    discovery that Plaintiff will want to depose as well.

3         Plaintiff will also depose any experts retained by Defendants.

4         ii.  Request for Production

5         There are outstanding document requests and other written discovery to

6    Defendants that Plaintiff will have to evaluate before determining whether additional

7    document requests are necessary.  Plaintiff anticipates receiving these documents by

8    July 4, 2008 and the written discovery responses by July 10, 2008 but believes that only

9    one additional round of requests for production would be required at most.

10        iii.  Interrogatories

11        There are outstanding document requests and other written discovery to

12   Defendants that Plaintiff will have to evaluate before determining whether additional

13   interrogatories are necessary.  Plaintiff anticipates receiving these documents by July 4,

14   2008 and the written discovery responses by July 10, 2008 but believes that only one

15   additional round of interrogatories would be required at most.

16        iv.  Requests for Admission

17        There are outstanding document requests and other written discovery to

18   Defendants that Plaintiff will have to evaluate before determining whether additional

19   requests for admission are necessary.  Plaintiff anticipates receiving these documents

20   by July 4, 2008 and the written discovery responses by July 10, 2008 but believes that

21   only one additional round of requests for admission would be required at most.

22        v.  Key Witnesses

23        Plaintiff believes the six parties, approximately six witnesses to the

24   circumstances and events surrounding the incident, and medical service providers are

25   the key witnesses to this action.

26        vi.  Information Plaintiff Believes Essential to Obtain from Defendants

27        Completing the Officer and 30(b)(6) Depositions, obtaining outstanding

28   documents, and follow-up written discovery as described above are essential to

1  Plaintiff's case.

2          **B.   Defendants' Discovery Plan**

3                   i.   <u>Depositions</u>

4          Defendants will be taking the depositions of the remaining percipient witnesses.

5  Defendants have so far taken the depositions of Plaintiff, Amy Alton, Elizabeth Chaplin,

6  Pamela Wilson, and Ira Steele.

7                   ii.   <u>Requests for Production</u>

8          Defendants have propounded document requests and may propound additional

9  requests.

10                 iii.   <u>Interrogatories</u>

11         Defendants have propounded interrogatories and may propound additional

12 interrogatories.

13                 iv.   <u>Requests for Admission</u>

14         Defendants may propound RFAs.

15                 v.   <u>Key Witnesses</u>

16         The key witnesses are those already deposed plus those whom the parties are

17 planning to depose after the CMC, as described above.

18                 vi.   <u>Information Defendant Believes Essential To Obtain From Plaintiff</u>

19         Defendants believe that they already have necessary information from Plaintiff.

20 Defendants may end up needing additional information from Plaintiff, including without

21 limitation information about witnesses.

22                 vii.   <u>Limitations on Discovery/Phasing</u>

23         Defendants believe that the limitations imposed by the Federal Rules of Civil

24 Procedure and the Northern District Local Rules should apply.

25     **9. CLASS ACTIONS**

26         Not applicable

27     **10. RELATED CASES**

28         None

1  **11. RELIEF**

2     Plaintiff seeks monetary damages as follows: Medical Expenses; General

3  Damages of $5,000,000.00 (estimated).  Defendants are seeking attorneys fees and

4  costs.

5  **12. ALTERNATIVE DISPUTE RESOLUTION:**

6     The parties unsuccessfully mediated this case on May 28, 2008.

7  **13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

8     The parties do not consent to trial of this case by a United States Magistrate

9  Judge.

10  **14. OTHER REFERENCES:**

11     The parties do not feel that this case is appropriate for other references.

12  **15. NARROWING OF ISSUES:**

13     None

14  **16. EXPEDITED SCHEDULING:**

15     The parties do not believe that this case is suitable for expedited scheduling.

16  **17. SCHEDULING:**

17     The Court will need to set dates for the close of discovery, summary judgment

18  (hearing and briefing), and expert disclosures.

19  **18. TRIAL**

20     The case will be tried to a jury.  Plaintiff anticipates that the trial may last 10 court

21  days.   The parties propose a trial date in either late March or May 2009.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1 | **19. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES:**

2 |     The parties are unaware of entities with either a financial interest in the subject

3 | matter of the controversy or any other kind of interest that could be substantially

4 | affected by the outcome of the proceeding.

5 |

6 | DATED: _6/12/08_        LAW OFFICES OF SANFORD M. CIPINKO

7 |

8 |                  By:_____
                         SANFORD M. CIPINKO

9 |                          JEREMY CLOYD
                         Attorneys for Plaintiff Mehrdad Alemozaffar

10 |

11 | DATED: June 12, 2008       DENNIS J. HERRERA

12 |                          City Attorney
                         JOANNE HOEPER

13 |                          Chief Trial Deputy
                         SCOTT D. WIENER

14 |                          Deputy City Attorney

15 |

16 |                  By:_____

17 |                          SCOTT D. WIENER
                         Attorneys for Defendant City and County of
                         San Francisco

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |