DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-4283
Facsimile:   (415) 554-3837

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRDAD ALEMOZAFFAR,<br><br>            Plaintiff,<br><br>       vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JESSE SERNA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J MCGRATH, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. REYMUNDO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO; G. COVIELLO, , individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO.<br><br>            Defendants. | Case No. C07-4494 JSW<br><br>**OBJECTION TO DISCOVERY ORDER BY MAGISTRATE JUDGE (Fed. R. Civ. P. 72(a))**<br><br>Date Action Filed:  July 20, 2007<br>Trial Date:              None Set |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(a), Defendants hereby object to portions of the June 10, 2008, discovery order issued by the Honorable Elizabeth Laporte, specifically, the order as it relates to requests for production 2, 7, 9, and 14. The order, which compels production of a broad swath of peace officer personnel records — specifically, for the officers' entire careers, evaluative investigation materials relating to allegations of misconduct and performance evaluations — is grossly overbroad and provides almost no weight to the officers' privacy rights or the City's interests under the official information privilege. Indeed, it orders the production of a significant amount of evaluative material that could be highly prejudicial to future efforts to conduct effective and impartial investigations. Because much of the ordered production is minimally relevant while significantly infringing on significant privileges, the Court should limit the scope of the order.

## II. BACKGROUND

On May 12, 2007, at approximately 2 a.m., San Francisco police officers and sheriff deputies were helping to clear Broadway of bar patrons as the bars and clubs in the area closed down. Broadway had developed a very significant problem with drunk and violent patrons causing problems and committing crimes on Friday and Saturday nights. As a result, officers and deputies heavily patrol the area and work to clear the area of bar-goers when the bars close.

Plaintiff was intoxicated and refusing to follow instructions to clear the area. He became aggressive and hostile toward the police and was interfering with their ability to clear the area. Officers therefore arrested Plaintiff. Plaintiff physically resisted, and the officers used control holds to obtain physical control of him. When he continued to resist, a sheriff deputy warned him that the deputy would apply a taser to him if he did not stop resisting. When Plaintiff continued to resist, the deputy applied taser to Plaintiff. When Plaintiff still continued to resist, the deputy applied the taser a second time  Plaintiff then stopped resisting, and he was taken into custody. A paramedic examined him and cleared him, and the officers then cited and released him. Plaintiff was apologetic after the fact.

Plaintiff filed suit against the City, three police officers, and two sheriff deputies. Plaintiff propounded broad document requests seeking access, among other things, to the complete

DEPOSITION NOTICE;
Alemozaffar v. CCSF, et al. – USDC No. C07-4494 JSW
2
n:\lit\li2007\080046\00490870.doc

investigation files relating to complaints of officer misconduct and also performance evaluations. The City, through the meet and confer process, agreed to produce complaints against the officers, but not evaluative material, for a five-year period before the incident in this case and limited to complaints for false arrest and excessive force. The City objected to production of the officers' performance evaluations. Attached hereto as Exhibit A is a true and correct copy of the City's responses to Plaintiff's first set of requests for production.

Pursuant to the Court's standing order, the parties submitted a joint letter to the Court outlining their dispute. The Court referred the matter to Judge Laporte, who promptly held a telephonic hearing and issued an oral ruling based on the joint letter. No additional briefing occurred. Among other things, Judge Laporte ordered the City to produce the entire files, including all evaluative material, for complaints alleging excessive force or false arrest against the officers for their entire careers. Judge Laporte also ordered production of the officers' performance evaluations for their entire careers to the extent that they addressed excessive force or false arrest. Judge Laporte entered a written order on June 10, 2008. A true and correct copy of the order is attached hereto as Exhibit B.

Defendants now raise this timely objection.

### III.    THE COURT SHOULD MODIFY THE DISCOVERY ORDER TO ACCOUNT FOR THE PRIVILEGED NATURE OF THIS PERSONNEL MATERIAL.

Personnel files of government employees are protected by the official-information privilege under federal common law. *See Randolph v. City of E. Palo Alto*, 2007 U.S. Dist. LEXIS 89249, *3 (N.D. Cal. 2007). "This federal qualified governmental privilege is consistent with California statutes according a qualified privilege to peace officer personnel records." *Maldonado v. Secretary of the California Department of Corrections and Rehabilitation*, 2007 U.S. Dist. LEXIS 91084, *20 (E.D. Cal. 2007). Courts also apply this privilege to investigatory files compiled for law enforcement purposes. *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997).

In addition, defendants in federal actions may assert their constitutional right of privacy against unduly intrusive discovery. *See Breed v. United States Dist. Court*, 542 F.2d 1114, 1116 (9th Cir. 1976). A federal court applying this common law privilege may consider state privilege law as

1 a means of construing the privilege, so long as that state law does not conflict with federal privilege
2 law. Officers have a high expectation of privacy in their personnel files under state law. This
3 expectation is reasonable given the extensive privacy protections that attach to law enforcement
4 personnel records under California law. *See* Cal. Evid. Code § 1045; *County of Los Angeles v.*
5 *Superior Court*, 219 Cal. App. 3d 1605, 1609 (1990) ("The peace officer and his or her employing
6 agency [has] the right to refuse to disclose any information concerning the officer or complaints or
7 investigations of the officer in both criminal and civil proceedings.").

8      To be clear, Defendants are not objecting to the entire order. However, two aspects of the
9 order are problematic. First, Judge Laporte ordered production of the officers' performance
10 evaluations, relating to excessive force and false arrest, for their entire careers. This production
11 should be limited to the five-year period before the incident at issue in this case. The only
12 conceivable relevance of this type of evidence is to Plaintiff's *Monell* claim. Only pre-incident
13 conduct would be relevant to that claim. Moreover, conduct occurring more than five years before
14 the incident would be too remote to be discoverable.

15      Second, Judge Laporte ordered production of internal-affairs-type files relating to all five
16 officers for their entire careers, including the entire files (such as evaluative material) and limited to
17 complaints of excessive force and false arrest. This production should be limited to a five-year
18 period before the incident and further limited to factual material, specifically, the complaints, the list
19 of witnesses, and witness statements. Plaintiff has contended that this material is relevant to their
20 *Monell* claim and potentially admissible under Federal Rule of Evidence 404(b). To the extent that
21 any of this material is relevant and admissible, Plaintiff does not need more than the factual material
22 in the files — the complaints, witness statements, and names and contact information for witnesses.
23 This information will provide Plaintiff with evidence that he can attempt to use to show that the City
24 was on notice of alleged misconduct or to prove alleged prior bad acts under Rule 404(b). Plaintiff
25 does not need access beyond this factual material.

26      Production of evaluative material is particularly problematic. This material is unlikely to
27 come into evidence, even if the Court were to admit evidence of unrelated alleged bad acts, and
28 evaluative material significantly impinges on the officers' privacy rights (given that this is classic

personnel information) as well as the official information privilege.  The City needs to be able to evaluate its officers' actions candidly without fear that any negative statement about an officer will then trigger civil liability.  The balancing involved in application of the right of privacy and the official information privilege weighs strongly against production of any material other than factual information (complaints, witness lists, and witness statements).

**IV.   CONCLUSION**

This kind of fishing expedition has consequences.  Despite the issuance of the strongest of protective orders by judges of this court, these materials have a way of being produced to news outlets.  Attached as Exhibit C is a March 12, 2008, San Francisco Bay Guardian article about a different SFPD case.  At the end of the article, the author describes the anonymous packages of confidential police personnel material that periodically arrive at the Guardian.  We are not suggesting that Plaintiff's counsel provided this package or that they violate protective orders.  They are honorable lawyers.  However, given the sensitivity of these materials and the fact that they do periodically make their way to inappropriate destinations, we believe it is important for the Court to order a limited and tightly circumscribed production (if any production is ordered) and not to open up discovery into personnel materials that are highly sensitive for any employee and certainly for police officers whose lives are in danger every day that they go to work.

Defendants respectfully request that the Court sustain Defendants' objections and modify Judge Laporte's order accordingly.

Dated:  June 17, 2008

                          DENNIS J. HERRERA
                          City Attorney
                          JOANNE HOEPER
                          Chief Trial Deputy
                          SCOTT D. WIENER
                          Deputy City Attorney

                          -/s/-   *Scott D. Wiener*
By:_____
                          SCOTT D. WIENER
                          Attorneys for Defendants