personnel information) as well as the official information privilege. The City needs to be able to evaluate its officers' actions candidly without fear that any negative statement about an officer will then trigger civil liability. The balancing involved in application of the right of privacy and the official information privilege weighs strongly against production of any material other than factual information (complaints, witness lists, and witness statements).

## IV. CONCLUSION

This kind of fishing expedition has consequences. Despite the issuance of the strongest of protective orders by judges of this court, these materials have a way of being produced to news outlets. Attached as Exhibit C is a March 12, 2008, San Francisco Bay Guardian article about a different SFPD case. At the end of the article, the author describes the anonymous packages of confidential police personnel material that periodically arrive at the Guardian. We are not suggesting that Plaintiff's counsel provided this package or that they violate protective orders. They are honorable lawyers. However, given the sensitivity of these materials and the fact that they do periodically make their way to inappropriate destinations, we believe it is important for the Court to order a limited and tightly circumscribed production (if any production is ordered) and not to open up discovery into personnel materials that are highly sensitive for any employee and certainly for police officers whose lives are in danger every day that they go to work.

Defendants respectfully request that the Court sustain Defendants' objections and modify Judge Laporte's order accordingly.

Dated: June 17, 2008

                      DENNIS J. HERRERA
                      City Attorney
                      JOANNE HOEPER
                      Chief Trial Deputy
                      SCOTT D. WIENER
                      Deputy City Attorney

By: _____
            SCOTT D. WIENER
            Attorneys for Defendants