LAW OFFICES OF
## SANFORD M. CIPINKO

SANFORD M. CIPINKO
JEREMY CLOYD
YULIYA MAGOMEDOV
TIMOTHY F. PERRY

55 FRANCISCO STREET
SUITE 403
SAN FRANCISCO, CALIFORNIA 94133
TEL: (415) 693-9905
FAX: (415) 693-9904

EMAIL: scipinko@cipinkolaw.com

August 8, 2008

Magistrate Judge Elizabeth D. Laporte
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re:  **Alemozaffar v. CCSF**, Case No. C07-4494 JSW

Dear Judge Laporte:

The parties in this excessive force case presented a discovery dispute in the form of a May 20, 2008 joint letter to Judge Jeffrey S. White. On May 21, 2008, Judge White referred this matter to your honor. A hearing was held on June 4, 2008 and on June 11, 2008 this Court ordered that Defendants produce certain documents.

Defendants were ordered to complete their document production by July 11, 2008. Due to Defendants' counsel's vacation and an unexpected delay in preparing the documents, Plaintiff granted Defendant's request for an additional week to complete the production. On July 18, Plaintiff received a CD with a partial production. Defendants mailed a second CD on July 23, 2008 and a third and final CD on August 1, 2008. For unknown reasons, Plaintiff did not receive the second or third CDs until after new copies were sent by messenger on August 6, 2008.

Defendants redacted the documents before production. These redactions fall into three categories: (1) redactions of allegations of misconduct against officers other than the defendants in this lawsuit; (2) officers' personal contact information; and (3) entries on use of force logs for unrelated incidents. Defendant contends that a privilege log would be of no use because the redactions only fall into these three categories.

After meeting and conferring in writing and in person, the only dispute raised by this letter is whether the redactions in the first category are proper.

## PLAINTIFF'S CONTENTIONS[1]

Plaintiff's seventh request for production of documents requests "All investigation case files for the misconduct complaints filed against the individual defendants in this lawsuit while employed with the CCSF." On June 11, 2008 the Court ordered "Defendants shall comply with

---

[1] Plaintiff stipulated in the May 20, 2008 joint letter that the City may redact Officers' personal contact information and therefore redactions in the second category are proper. Entries on use of force logs are non-responsive to Plaintiff's request and are irrelevant to the subject matter of this action and therefore Plaintiff does not object to the third category of redactions even though the issue was not discussed prior to production.

LAW OFFICES OF
SANFORD M. CIPINKO

Plaintiff's Request for Production as limited by this Order to excessive force and false arrest complaints for the duration of the individuals' employment." The Order further states that "This limitation shall be broadly construed," reflecting Defendants' agreement and promise to do so during the June 4 hearing on this dispute.

An investigation of a claim against a defendant in this lawsuit will inherently involve allegations against other Officers, including those in supervisory positions, because Officers seldom work alone. However, Defendants' document production was heavily redacted before production to remove any allegation against other officers, including photographs. These redactions result in an incomplete perspective of previous excessive force claims. This incomplete perspective prejudices Plaintiff's ability to evaluate the credibility of previous claims and the City's response thereto. The redactions also prevent Plaintiff from identifying witnesses to the underlying facts.[2]

Defendant claims that these redactions are necessary to protect the privacy interests of Officers not involved in the subject incident. Defendants had several opportunities to raise the privacy rights of third parties before they were ordered to produce responsive documents. However, Defendants did not raise this issue: (1) during meet and confer attempts; (2) in the parties' May 20, 2008 joint letter summarizing the discovery dispute; (3) at the June 4, 2008 hearing on this discovery dispute; or (4) in Defendants' June 18, 2008 objection to your honor's discovery order. Defendants did not raise this privacy objection until July 30, 2008 after Plaintiff inquired as to why there were so many redactions to Defendants' document production.

Even if Defendants had raised the privacy rights of third parties at the hearing of this matter, the redactions would still be impermissible. Plaintiff voluntarily entered a very constrictive protective order with the City. The City has made no showing that this protective order is insufficient to protect the privacy interests of third parties. Indeed, the Declarations of Lt. Stasko and Undersheriff Dempsey — offered by the City in objection to the production of all personnel documents— propose a protective order remarkably similar to the one the parties already entered.

In contrast, there is a minimal expectation of privacy in allegations made against an officer. As emphasized in Soto v. City of Concord, 162 F.R.D. 603, 621 (N.D. Cal., 1995), there is a "strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure", which outweighs the privacy rights of an officer. Indeed, there is simply no justification for increasing the litigation burden on Plaintiff to contact complainants to determine what they alleged after memories have failed, especially when the City already has this information in the original and readily producible form.

Where a party unsuccessfully opposes a motion to compel, the court may award monetary sanctions against the losing party unless it finds that party acted with substantial justification or sanctions would otherwise be unjust. FRCP 37(a)(5). Where as here, a party subsequently disobeys a court's discovery order, issue sanctions, evidence sanctions, or even terminating sanctions may be ordered in addition to monetary sanctions. FRCP 37(b). The parties in this

---

[2] Plaintiff primarily addressed the relevancy of investigation files in his May 20, 2008 joint letter with supporting legal authority.

case have thus far cooperated and remained on good terms and it may be that the City's violations were unwilling. However, the violation of Court orders and the resulting prejudice to Plaintiff's trial preparation in this case is clear and therefore Plaintiff requests nominal sanctions against Defendants.

## DEFENDANTS' CONTENTIONS

In full compliance with the Court's broad discovery order, Defendants have produced an enormous amount of peace officer personnel material relating to the entire careers of five officer/deputy defendants in this lawsuit. Defendants have produced approximately 10,000 pages of material. As ordered by the Court (based on a joint letter and brief telephonic hearing and without an in camera review), defendants reviewed this sensitive material carefully, interpreted the order broadly, and produced material that was even arguably related to claims of excessive force or false arrest against the five officer-defendants. Defendants repeatedly erred on the side of production of files, even if Defendants had doubts about whether the files fell within the categories at issue.

Plaintiff does not dispute any aspect of the production except for redactions of misconduct claims *against officers who have no involvement in this lawsuit*. Plaintiff is taking the unreasonable position that he is entitled to know about claims of misconduct against officers who are not defendants in this lawsuit and who are not even alleged to have been witnesses to the incident that gave rise to this case. Plaintiff further takes the position that Defendants should be sanctioned for not agreeing with Plaintiff's interpretation of the Court's order on this issue.

The Court should reject Plaintiff's unwarranted position. First, at no point did this Court order Defendants to produce protected personnel information about non-defendant officers, and the Court should not interpret its order to impose such a requirement. The document requests, joint letter, and telephonic hearing on this motion focused exclusively on the five officer-defendants. Indeed, the request at issue is ambiguous at best. It asked for: "All investigation case files for the misconduct complaints filed against the individual defendants in this lawsuit while employed with the CCSF." Defendants did not interpret this request as seeking claims of misconduct against non-defendant officers. Defendants interpreted the request as only asking for claims of misconduct against the defendant-officers. Thus, by granting the original motion with respect to this request, the Court did not order Defendants to produce claims of misconduct against non-defendant officers, and the Court should not interpret its order as suggested by Plaintiff.

Second, there is no justifiable reason for Plaintiff to have access to personnel information about officers who are not defendants in this lawsuit. The purpose of this discovery is to provide Plaintiff with the ability to assess (a) whether the City failed to respond appropriately to allegations of misconduct against the defendant-officers, and (b) whether past conduct of the defendant-officers is admissible against them under Federal Rule of Evidence 404(b). The produced files more than allow Plaintiff to make those determinations. Defendants only redacted allegations of misconduct against non-defendant officers and did not redact their names when the names appeared as witnesses. We went out of our way to make sure that all officers who witnessed any aspect of the claims at issue would be identified in the produced files. Thus,

LAW OFFICES OF
SANFORD M. CIPINKO

Plaintiff has all the information he needs to utilize the produced materials to prove his claims. He does not need to know whether the non-defendant officers were charged with misconduct.

Third, the Court did not preclude Defendants from redacting the produced materials. Indeed, Plaintiffs admit that Defendants were justified in redacting other information (personal contact information for the officers and use-of-force log entries unrelated to the claims of misconduct). In other words, Plaintiffs have conceded that redactions are appropriate for certain privileged and confidential information. Plaintiffs simply dispute that misconduct claims against non-defendant officers qualify for such treatment. The Court will rule one way or the other on that issue. The redactions, however, do not violate the Court's order and are not sanctionable. At the very most, the parties have a good faith dispute about the scope of the Court's order and are raising that issue for the Court's determination.

Finally, the Court should reject Plaintiff's argument that these non-defendant officers -- officers who are not parties to this lawsuit and who have not appeared in this lawsuit -- have somehow waived their significant privacy interests because the parties and the Court did not discuss their privacy rights during the brief telephonic hearing on the joint letter. Defense counsel did not realize that Plaintiff was seeking information about non-defendant officers' personnel history. Plaintiffs certainly did not raise that issue or make that request. The issue only arose when counsel engaged in a review of the approximately 10,000 pages that the Court ordered produced, informed Plaintiff of the issue, and was informed by Plaintiff that he did in fact want this information. The Court should not punish these non-defendant officers based on an issue not being raised with the Court by any party until after the Court's order.

The Court should reject Plaintiffs' unreasonable interpretation of the previous order and should not order production of personnel information of non-defendant officers. Nor should the Court award Plaintiff sanctions.

Respectfully submitted,

Jeremy Cloyd, Attorney for Plaintiff

/s/

Scott Wiener, Counsel for Defendants