SANFORD M. CIPINKO, Esq., SBN 88102
JEREMY CLOYD, Esq., SBN 239991
LAW OFFICES OF SANFORD M. CIPINKO
55 FRANCISCO STREET, SUITE 403
SAN FRANCISCO, CA 94133
VOICE:     (415) 693-9905
FACSIMILE: (415) 693-9904

Attorneys for Plaintiff
MEHRDAD ALEMOZAFFAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRDAD ALEMOZAFFAR,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; JESSE SERNA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. MCGRATH, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; J. REYMUNDO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO; G. COVIELLO, individually and in his official capacity as a deputy sheriff officer for the CITY AND COUNTY OF SAN FRANCISCO ; and DOES 1-50, individually and in their official capacities.<br><br>Defendants. | Case No. C 07-04494 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 12, 2008<br>Time:  1:30 p.m.<br>Place: Courtroom 2 |

JOINT CASE MANAGEMENT STATEMENT; CASE NO. C 07-04494 JSW     1

1  The parties to the above-entitled action submit this Joint Case Management
2  Statement in anticipation of the December 12, 2008 Case Management Conference.

### JOINT CASE MANAGEMENT STATEMENT

**1. JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over this case pursuant to its federal question jurisdiction and supplemental jurisdiction. Defendant City and County of San Francisco answered and removed the case to federal court. All defendants have been served and have answered the complaint.

**2. FACTS**

**A. Plaintiff's Version**

Plaintiff Mehrdad Alemozaffar alleges that on December 17, 2006, members of the San Francisco Police and Sheriff's Department tackled him, restrained his arms in hand cuffs and then repeatedly jolted him with a Taser more than ten times, resulting in scarring, burning and other personal injuries.

There were no disturbances on Broadway Avenue around the time of the incident. People leaving bars dispersed quickly that night. Plaintiff was not involved in any disturbances until the time of the incident. Plaintiff was not drunk at the time of the incident. The precipitating event for this use of force was Plaintiff's stated intent to report one of the Officer's for admittedly telling Plaintiff to "stop acting like a girl."

Plaintiff claims that the above facts represent excessive use of force by officers and deputies of the City and County of San Francisco in violation of State and Federal Constitutions and state common law. Plaintiff further claims that said use of force resulted from the City and County of San Francisco's policies, procedures, and training of its employees and that the City thereafter ratified the acts of its employees.

As a direct result of the incident, Plaintiff suffers from anxiety, permanent scarring across his back, and a shoulder injury that effects his profession as a doctor.

///
///

### B. Defendants' Version

On December 17, 2006, at approximately 2 a.m., San Francisco police officers and sheriff deputies were helping to clear two blocks of Broadway of bar patrons as the bars and clubs in the area closed down. Broadway developed a very significant problem with drunk and violent patrons causing problems and committing crimes on Friday and Saturday nights. As a result, officers and deputies heavily patrol the area and at time, work to clear the area of bar-goers when the bars close. On the evening in question, close to 1 a.m., a near-riot had broken out on Broadway relating to a particular nightclub.

Plaintiff was under the influence of alcohol, failed to cooperate with officers, and acted in a belligerent manner. He was acting so belligerently that a civilian witness recommended that he step away from the police and go across the street to cool down (a recommendation that he ignored). He continued to act in an aggressive and hostile manner toward the police, and Officer Serna determined that he appeared to be drunk in public. Officer Serna attempted to detain Plaintiff, but Plaintiff physically resisted. Officer Serna, with the assistance of other officers, attempted to overcome Plaintiff's resistance. When he continued to resist, a sheriff deputy warned him that the deputy would apply a taser to him if he did not stop resisting. When Plaintiff still continued to resist, the deputy applied a taser to him. Plaintiff continued to resist, and the deputy applied the taser again. Plaintiff then stopped resisting, and he was taken into custody. A paramedic examined him and cleared him, and the officers then cited and released him. Plaintiff was apologetic after the fact.

The officers and deputies' conduct was appropriate under the circumstances, and Plaintiff has no valid claim.

### C. Principal factual issues in dispute

- Whether Plaintiff was intoxicated and if so, to what extent.
- Whether Plaintiff engaged in the conduct described in Defendants' version.

- Whether the officers/deputies engaged in the conduct described in Plaintiff's version.
- The level of force that officers used against Plaintiff.
- Whether Defendants made the statements attributed to them by Plaintiff.
- The number of taser applications applied to Plaintiff.
- The nature and extent of Plaintiff's injuries.
- Whether officers preserved evidence relating to the incident.

### 3. LEGAL ISSUES

- Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.
- Whether the officers used excessive force against Plaintiff.
- Whether the officers are entitled to qualified immunity.
- Whether Defendants caused any of Plaintiff's alleged damages.
- Whether Plaintiff was at fault for any damages that he sustained.
- Whether Plaintiff was damaged due to a policy or procedure of the City.

### 4. MOTIONS

No motions have been filed or are currently scheduled for hearing. Plaintiff does not anticipate filing any motions at this time. Defendants intend to file a motion for partial summary judgment and for bifurcation of Plaintiff's Monell claim at trial.

### 5. AMENDMENT OF PLEADINGS

The parties do not expect to amend the pleadings at this time.

### 6. EVIDENCE PRESERVATION

The parties have preserved evidence.

### 7. DISCLOSURES

The parties have made their initial disclosures. The parties have timely supplemented their disclosures.

///
///

**8. DISCOVERY – JOINT DISCOVERY PLAN**

    **A. Plaintiff's Discovery Plan**

        i. <u>Depositions</u>

Plaintiff has noticed the deposition of the City on the subject of Defendant Serna's personnel history. Plaintiff will also depose any experts retained by Defendants.

        ii. <u>Request for Production</u>

With the exception of a few outstanding document requests, Plaintiff has completed written requests for production.

        iii. <u>Interrogatories</u>

Plaintiff has completed written interrogatories.

        iv. <u>Requests for Admission</u>

Plaintiff has completed written requests for admission.

        v. <u>Key Witnesses</u>

Plaintiff believes the six parties, approximately six witnesses to the circumstances and events surrounding the incident, and medical service providers are the key witnesses to this action.

        vi. <u>Information Plaintiff Believes Essential to Obtain from Defendants</u>

Plaintiff believes the discovery listed above is essential to the case.

    **B. Defendants' Discovery Plan**

        i. <u>Depositions</u>

Defendants have taken ten depositions and will take expert depositions.

        ii. <u>Requests for Production</u>

Defendants have completed their requests for production.

        iii. <u>Interrogatories</u>

Defendants have completed their interrogatories.

        iv. <u>Requests for Admission</u>

Defendants did not propound requests for admission.

      v.  <u>Key Witnesses</u>

Defendants believe that the parties and each of the deponents deposed by Defendants are key witnesses. Defendants also believe that various SFPD and other witnesses who will testify about conditions on Broadway and analysis of the taser in question.

      vi.  <u>Information Defendant Believes Essential To Obtain From Plaintiff</u>

Defendants have obtained information through discovery, which is about to close.

      vii.  <u>Limitations on Discovery/Phasing</u>

Defendants believe that the limitations imposed by the Federal Rules of Civil Procedure and the Northern District Local Rules should apply.

**9. CLASS ACTIONS**

Not applicable

**10. RELATED CASES**

None

**11. RELIEF**

Plaintiff claims medical expenses of $5,939.64, which is the amount of total charges incurred for incident related treatment. The San Francisco Fire Department does not appear to have billed for services on December 17, 2006. Plaintiff also claims a lost earnings capacity claim in an amount to be determined by expert witness. The large majority of Plaintiff's damages are attributed to general damages, which Plaintiff estimates at $5,000,000.00. Defendants are seeking attorneys' fees and costs.

**12. ALTERNATIVE DISPUTE RESOLUTION:**

The parties unsuccessfully mediated this case on May 28, 2008.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to trial of this case by a United States Magistrate Judge.

**14. OTHER REFERENCES:**

The parties do not feel that this case is appropriate for other references.

15. **NARROWING OF ISSUES:**

None

16. **EXPEDITED SCHEDULING:**

The parties do not believe that this case is suitable for expedited scheduling.

17. **SCHEDULING:**

The Court has set a trial date. The parties have stipulated and requested the Court to alter the expert discovery deadlines.

18. **TRIAL**

Trial has been set for May 26, 2009.

19. **DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES:**

The parties are unaware of entities with either a financial interest in the subject matter of the controversy or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: December 5, 2008         LAW OFFICES OF SANFORD M. CIPINKO


                                By:    /s/
                                    JEREMY CLOYD
                                    Attorneys for Plaintiff Mehrdad Alemozaffar

DATED: December 5, 2008         DENNIS J. HERRERA
                                City Attorney
                                JOANNE HOEPER
                                Chief Trial Deputy
                                SCOTT D. WIENER
                                Deputy City Attorney


                                By:    /s/
                                    SCOTT D. WIENER
                                    Attorneys for Defendant City and County of
                                    San Francisco