IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRDAD ALEMOZAFFAR,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-04494 JSW<br><br>**ORDER (1) PERMITTING SUPPLEMENTAL REPLY BRIEF; (2) CONTINUING HEARING; AND (3) ORDER TO SHOW CAUSE** |

Defendants argue that Plaintiff failed to disclose his legal theories, or the facts supporting such legal theories, of his claims against the City and County of San Francisco (the "City") until he opposed Defendants' motion for summary judgment. Defendants contend that they will be prejudiced if Plaintiff is allowed to rely on such belatedly disclosed legal theories and facts to oppose the motion for summary judgment because Defendants were left with only one week to investigate and challenge Plaintiff's contentions in their reply brief.

Federal Rule of Civil Procedure 37(c) provides, in pertinent part, that "if a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In order to alleviate the prejudice asserted by Defendants, the Court HEREBY AUTHORIZES Defendants to file a supplemental reply brief to further address Plaintiff's claims against the City. Defendants shall file their supplemental reply brief by no later than March 6, 2009. The Court HEREBY

CONTINUES the hearing on Defendants' motion for summary judgment until March 20, 2009 at 9:00 a.m.

On January 30, 2009, Plaintiff filed a request for a sealing order pursuant to Northern District Civil Local Rule 79-5(d), in which he seeks to file under seal portions of documents which reference information designated confidential by Defendants, specifically portions of his Opposition to Defendants' Motion for Summary Judgment and the Declaration of Jeremy Cloud. Pursuant to Rule 79-5(d), when such a request is made, within five (5) days thereafter, "the designating party must file with the Court and serve a declaration establishing that the designated information is sealable." If the designating fails to file such a declaration, "the document or proposed filing will be made part of the public record."

Defendants' declaration was due to be filed by February 6, 2009, but has not yet been filed. Accordingly, Defendants are HEREBY ORDERED to file a declaration establishing cause for sealing the any portion of Plaintiff's opposition brief or the Declaration of Jeremy Cloud by no later than February 13, 2009. If Defendants fail to comply with this Order, the Court shall deny Plaintiff's motion and shall order that the entire memorandum and declaration be filed in the public record. The Court notes that this is the last time it will remind *any party* to this case of their obligations under Local Rule 79-5(d). Failure to file the requisite declaration within the required time period will *automatically* result in the Court denying a motion to seal and ordering the exhibits filed in the public record.

Moreover, on February 6, 2009, Defendants filed redacted documents, and lodged sealed documents, in support of their reply without any motion to file such documents under seal, in violation of Local Rule 79-5. By no later than February 13, 2009, Defendants shall file a motion and supporting declaration establishing cause for sealing any portion of these documents.

**IT IS SO ORDERED.**

Dated: February 10, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2